Joseph W. BARNETT, Appellant,

v.

CITY OF COLLEYVILLE,
Texas, Appellee.

No. 2–86–054–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 17, 1987.

Joseph W. Barnett, pro se.

Staples, Foster & Hampton, and Ross T. Foster, Hurst, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

OPINION

KELTNER, Justice.

This is Joseph Barnett's appeal from a judgment declaring certain structures on his property in the City of Colleyville to be public nuisances, requiring their abatement by demolition, and awarding attorney's fees to the City of Colleyville.

Barnett brings this *pro se* appeal on points of error directed at the award of attorney's fees, the entertainment of the City's claim for declaratory judgment, and "insufficiencies and defects" in the City's pleadings. Barnett also has stated, without argument or supporting authorities, forty-two other points of error.

The judgment is reformed to delete the award of attorney's fees, and as reformed, is affirmed.

The dispute giving rise to this litigation began in 1980 when the City complained to Barnett about substandard structures on his property within the city limits of Colleyville. Over a period of time, the City issued citations to Barnett for the substandard buildings. Eventually, the City Council entered an order requiring the demolition of the buildings after giving Barnett both notice and a hearing. Barnett filed suit alleging that the City had carried on a campaign of harassment designed to force the demolition of his buildings and that as a result, the value of his property had been materially diminished and rental income had been lost. He also claimed damages for his pain and suffering, and lost earnings occasioned by the requirement of repeated appearances before the Municipal Court, the City Council, and the County Court on appeal of his several convictions for maintaining substandard structures.

In his petition, he sought a temporary injunction, preventing the City from interfering with the structures. At a hearing on the temporary restraining order, Barnett and the City entered into an agreed temporary injunction during the pendency of the lawsuit.

In the meantime, the City answered and filed a counterclaim, the nature of which is characterized in its brief as, "requesting the Court to declare the structures in question nuisances, provide for their abatement and award attorney's fees." The City candidly admits that the sole basis for attorney's fees is TEX.CIV.PRAC. & REM. CODE ANN. sec. 37.009 (Vernon 1986),

which provides, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just" in any declaratory judgment proceeding.

Trial was to the court without a jury.

The court rendered judgment for the City, granted the declaratory relief, ordered the offending buildings demolished, and ordered Barnett to pay the court costs and attorney's fees incurred by the City in the amount of $9198.00 through the trial court. No findings of fact or conclusions of law were requested or filed.[1]

■ In his first brief before this court, Barnett urged forty-two points of error. None of the points of error were accompanied by any argument and no authority was cited in support of any contention, in violation of TEX.R.APP.P. 74(f). Additionally, the points of error did not direct this court to a place in the record where the matter complained of could be found. This is a violation of rule 74(d) of Texas Rules of Appellate Procedure. With the exception of the points summarized in the second paragraph of this opinion, none of the points of error directed this court's attention to the error Barnett complains of.

During the first oral submission, Barnett was informed by the court of the inadequacies of his brief and warned that this court could not comprehend his complaints. As a result, Barnett was given a substantial period of time to file a revised brief complying with the Rule 74. Barnett was also urged to hire a legal counsel to aid him in this endeavor.

Barnett did file a second brief which stated eight points of error, the first three of which we deem to be satisfactorily briefed and will address. The remaining five points consist of bare statements of claimed error and are unaccompanied by argument, citations to supporting authority, or references to the record. In his ninth point of error, Barnett urges the other forty-two points alleged in his first brief. We allowed Barnett to make oral argument a second time.

We appreciate the fact that Barnett is proceeding without the benefit of counsel. All citizens, regardless of their ability or desire to hire counsel, are entitled to access to the courts. However, those citizens must carry the same burden of proof, and abide by the same rules as those citizens who avail themselves of the right to obtain counsel. This court repeatedly warned Barnett of his briefing deficiencies and the consequences of failing to abide by the Texas Rules of Appellate Procedure. Unfortunately, Barnett has refused to follow those rules, and the points of error falling afoul of those rules cannot be considered by this court. We reach this conclusion with due consideration of Texas Rules of Appellate Procedure 74 and 83, and the opinion of the Texas Supreme Court in *Inpetco, Inc. v. Texas American Bank/Houston*, 729 S.W.2d 300 (Tex.1987). Barnett has been allowed a reasonable time to correct the briefing defects and irregularities pointed out to him by the counterpoints in the City's brief and our own admonitions.

■ In examining Barnett's contention that the court erred in treating the suit as one for declaratory judgment, we first turn to the City's pleadings. The summarized pleadings follow:

1. City has adopted ordinance pursuant to TEX.REV.CIV.STAT.ANN. art. 1175 (Vernon Supp.1987), prohibiting nuisances and providing for the demolition of buildings that are dilapidated, substandard or unfit for human habitation, which constitute a hazard to the health, safety and welfare of its citizens.

2. Barnett is the owner of real property on which two structures are situated which are indeed dilapidated, substandard, and unfit for human habitation to the degree that they constitute a hazard to the health, safey, and welfare of the City's citizens.

3. Since 1980 City has attempted to alleviate such situation, but Barnett has refused to make improvements

---

1. However, the court did send a letter to both parties, stating the basis for its judgment. That document has not been complained of on appeal.

and has insisted that the properties are not nuisances.

4. The city council had properly entered an order requiring the demolition of the buildings after notice and hearing, but Barnett refused to comply and instituted this suit to enjoin the City from taking necessary measures to protect its citizens' health, safety, and welfare.

5. A justiciable controversy has arisen as to whether the structures are nuisances constituting hazards to the health, safety, and welfare of the citizens, and whether they should be demolished or otherwise abated.

6. In order to bring this action to declare and determine the rights between the parties, City has been required to employ counsel and has agreed to pay reasonable attorney's fees.

7. Barnett intends to allow the structures to stand in their current condition but he should not be allowed to continue the public nuisances and the court should order him to demolish them or otherwise abate the nuisances.

8. The City invokes the provisions of article 1175f and claims there is substantial danger of injury and adverse health upon persons and property unless an injunction is issued to require Barnett to demolish the structures. Barnett had actual knowledge of the ordinances relating to dangerous and deteriorated structures and knowledge of the City's order requiring demolition and failed to comply with the order and City should recover a civil penalty of $1000 per day for violation of the ordinance.

The prayer was for:

1. The court to declare the rights of the parties;

2. The City to recover civil penalties for $1000 per day beginning August 27, 1985;

3. The City to recover attorney's fees; and

4. The court to enter a permanent injunction requiring Barnett to demolish the structures.

In Texas, the Uniform Declaratory Judgment Act was adopted in 1943, and appeared in Vernon's Civil Statutes Annotated as article 2524–1 until its 1985 repeal and incorporation into the Civil Practices and Remedies Code where it is found as secs. 37.001–37.011. Long prior to the adoption of the Uniform Act, it was settled law that a municipal corporation had a cause of action for the abatement of a public nuisance; but a citizen's property, not a nuisance within itself or under the common law, cannot be destroyed without the judgment of a court finding that it is a nuisance. *See Crossman v. City of Galveston,* 112 Tex. 303, 247 S.W. 810, 813 (1923); *see also* Annot., 26 A.L.R.4th 1210 (1983). Consequently, City's pleadings in the case before us state a simple claim that Barnett's property constituted a public nuisance at common law and under a City ordinance and therefore, the court should order its abatement. Paragraphs 2, 3 and 7 of the counterclaim together with the fourth section of its prayer, are sufficient to join the issues necessary to the complete coercive relief sought, namely the abatement of the nuisance by injunction and the demolition of the offending structures. The judgment decrees the structures to be public nuisances which should be abated and then orders abatement by demolishing and removal of the structures within 45 days by Barnett or upon his failure so to do, by City.

In these circumstances, we find merit in Barnett's claim that the court erroneously treated the suit as one for declaratory judgment. There is no declaration of the rights of the parties, except as might be construed from the extensive findings and conclusions which are recited before the decretal portion of the judgment above set out.

It has been said that the Declaratory Judgment Act was never intended to apply to cases then pending in court and there is no authority to enter a declaratory judgment unless such judgment will serve a

useful purpose. *Joseph v. City of Ranger*, 188 S.W.2d 1013 (Tex.Civ.App.—Eastland 1945, writ ref'd w.o.m.). As in *Joseph, id.,* there was no necessity for a declaratory judgment and such judgment would serve no useful purpose. The parties were before the court and had joined issues upon all questions involved in the lawsuit. As stated in *Joseph:*

> To the prayers for relief one is added for a declaratory judgment, apparently for good measure. The defendants misapprehend the purpose of that relief; it is only a kind of expanded bill quia timet, meant to do in general what that suit did in its limited field. When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment or decree.

*Joseph,* 188 S.W.2d at 1015.

If any portion of the judgment before us can be construed as a declaratory judgment, we find that it adds nothing to, nor detracts from, the basic coercive judgment sought and obtained by City and would serve no useful purpose.

We hold that the provisions of the Civil Practice and Remedies Code, sec. 37.-009, do not permit the award of attorney's fees to a municipal corporation that pleads, proves, and recovers judgment for the abatement of a public nuisance. Such a judgment is all inclusive of the litigated issues and cannot be divided into coercive and declaratory aspects in considering the possible application of attorney's fees. It follows that the allowance of attorney's fees cannot stand. Points of error one and two are sustained.

Barnett's complaint to the effect that City's pleadings were deficient to invoke the provisions of the recently enacted article 1175f, of the Texas Revised Civil Statutes, providing for enforcement of certain health and safety ordinances will not be addressed, because the relief requested by City under that statute was denied. If error occurred in the regard urged, the error would be harmless. *See* TEX.R. APP.P. 81. Point of error three is overruled.

Having determined that the award of attorney's fees was error, the judgment of the trial court is reformed as to exclude attorney's fees, and as so modified, is affirmed. Costs will be assessed to the party incurring same.