Judy WEAVER, Appellant,

v.

E–Z MART STORES, INC., Appellee.

No. 06–96–00049–CV.

Court of Appeals of Texas,
Texarkana.

March 18, 1997.

Monty G. Murry, Murry & Griffin, Texarkana, for appellant.

John R. Mercy, Jeffrey C. Elliott, Atchley, Russell, Waldrop, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

The trial court granted E–Z Mart Stores, Inc. summary judgment on the grounds of the statute of limitations. Judy Weaver appeals that decision, complaining that the trial court erred in granting summary judgment because E–Z Mart failed to show that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law.

On April 6, 1993, Weaver's son was killed in a car accident in which he was intoxicated. Weaver sued E–Z Mart for negligence in selling alcohol to her minor son. The statute of limitations for a negligence action is two years. *Baptist Memorial Hosp.*

*Sys. v. Arredondo,* 922 S.W.2d 120, 121 (Tex. 1996).

On April 6, 1995, to preserve the running of the statute of limitations, attorney James Wyly prepared Weaver's original petition as a pro se petition for Weaver, with the understanding that Weaver would then hire another attorney to represent her. According to Weaver, Wyly's secretary told Weaver that she and Wyly would file the petition and take care of everything that needed to be done, and that the filing of the petition would prevent the running of the statute of limitations. The secretary then filed the petition and requested citation. Thus, a suit was filed on the last day before the running of the statute of limitations.

According to Wyly's deposition, several other attorneys contacted him during the next few months considering whether to represent Weaver. Wyly believed that Weaver was trying to find another attorney to represent her and that she was being diligent in her efforts.

In November 1995, Weaver talked with attorney Billy Harrell, who told her that citation needed to be served and referred her to attorney Rick Wilbanks, who did not agree to represent her but had E–Z Mart served with citation in December 1995. The two-year statute of limitations had run on April 6, 1995. Thus, the service of process was approximately nine months after the running of the statute of limitations.

E–Z Mart filed a motion for summary judgment based on the statute of limitations. Weaver then hired an attorney and filed a response. The trial court granted E–Z Mart summary judgment.

A party moving for summary judgment has the burden of establishing both absence of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990). A defendant movant can prevail by establishing every element of an affirmative defense. *See, e.g., Burns v. Thomas,* 786 S.W.2d 266 (Tex.1990). In deciding whether there is a disputed issue of material fact precluding summary judgment, an appellate

court views all evidence in the light most favorable to the nonmovant and resolves all doubts in his favor. *Nixon v. Mr. Property Management,* 690 S.W.2d 546 (Tex.1985).

In its motion for summary judgment, E–Z Mart asserted that it was entitled to judgment as a matter of law on the ground that the statute of limitations had run because Weaver failed to exercise due diligence in procuring service of citation on E–Z Mart. When the suit is timely filed, as in the present case, but the defendant is not served until after the limitations period expires, the date of service relates back to the date of filing *if the plaintiff exercised diligence in effecting service. Instrument Specialties Co. v. Texas Employment Commission,* 924 S.W.2d 420 (Tex.App.-Fort Worth 1996, writ denied). A plea of limitation is an affirmative defense. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). Whether a plaintiff's claim is barred by limitations depends on whether the plaintiff interrupted the running of limitations. *See Murray v. San Jacinto Agency,* 800 S.W.2d 826, 829–30 (Tex.1990). Generally, the mere filing of a suit does not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Id.* at 830.

It is the responsibility of the party requesting service to ensure that service is properly accomplished. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Aguilar v. Stone,* 901 S.W.2d 955 (Tex.App.-Houston [1st Dist.] 1995, no writ). It is the attorney's duty to ascertain the status and completion of citation. *Reynolds v. Alcorn,* 601 S.W.2d 785 (Tex.Civ.App.-Amarillo 1980, no writ). Here, because Weaver had no attorney, it was her duty.

Weaver was a pro se litigant during the time period that service of citation was delayed. A party proceeding pro se must comply with all applicable procedural rules. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 185 (Tex.1978); *Clark v. Yarbrough,* 900 S.W.2d 406 (Tex.App.-Texarkana 1995, writ denied). A pro se litigant is held to the same standard that applies to a licensed attorney. *Brown v. Texas Employment Commission,*

801 S.W.2d 5, 8 (Tex.App.-Houston [14th Dist.] 1990, writ denied). No allowance is to be made for the fact that a plaintiff is not a lawyer. *Bailey v. Rogers and Keyser,* 631 S.W.2d 784, 786 (Tex.App.-Austin 1982, no writ).

"To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service." *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990) (quoting *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975)). The existence of diligence is a question of fact and can only be found as a matter of law when no excuse is offered. *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126 (Tex.App.-Texarkana 1986, no writ).

Summary judgment may be based on the lack of diligence if no excuse is offered for the delay in procuring the service of citation, or if the lapse of time in the plaintiff's failure to act is such as to conclusively negate diligence. *Ray v. O'Neal,* 922 S.W.2d 314, 317 (Tex.App.-Fort Worth 1996, n.w.h.); *De La Torre v. Our Lady of Guadalupe Center,* 807 S.W.2d 889, 890 (Tex.App.-Corpus Christi 1991, no writ). If a defendant affirmatively pleads the defense of limitations and shows the failure to timely serve the defendant, "the burden shifts to the plaintiff to explain the delay." *Murray,* 800 S.W.2d at 830.

The courts have consistently held that delays in obtaining service constitute a lack of due diligence as a matter of law. *See Instrument Specialties Co.,* 924 S.W.2d 420 (six months); *Hansler v. Mainka,* 807 S.W.2d 3 (Tex.App.-Corpus Christi 1991, no writ) (five months); *Allen v. Bentley Laboratories,* 538 S.W.2d 857 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.) (six months).

An excuse of diligence must involve diligence to seek service of process. Ignorance of the law or reliance upon one's own attorney does not constitute such an excuse. While it is true that the attorney involved in the filing of the suit prepared only a pro se petition and did not represent her in the litigation, she nevertheless, according to her

affidavit, relied upon the legal expertise of this attorney and his secretary. Weaver cannot rely upon any failure on the part of this chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney is imputed to the client. *Petro–Chemical Transport v. Carroll*, 514 S.W.2d 240, 246 (Tex.1974). This same principle generally applies to an attorney's secretary, whose action is imputed to the attorney, whose action in turn is imputed to the client. *See Agristor Credit Corp. v. Donahoe*, 568 S.W.2d 422, 426 (Tex.Civ.App.-Waco 1978, writ ref'd n.r.e.) (citing *Traders & Gen. Ins. Co. v. Burton*, 272 S.W.2d 166, 169 (Tex.Civ. App.-Fort Worth 1954, writ ref'd n.r.e.).

Weaver's summary judgment proof did not indicate that she checked with either the secretary on whom she supposedly was relying, the clerk's office, the sheriff's office, or anyone else to see if service had been accomplished. Her affidavit states that in November 1995, she contacted Billy Harrell about handling the case, and Mr. Harrell told her that citation had not been served on E–Z Mart and that needed to be done and referred her to another attorney, Rick Wilbanks, who served E–Z Mart "very soon thereafter." Her affidavit also said that E–Z Mart's motion for summary judgment incorrectly said that citation was not requested until December 1, 1995. Weaver's affidavit said that a letter dated April 6, 1995, from Jim Wyly to Billy Fox Branson, showed that citation was requested on E–Z Mart. Although the affidavit said that the letter was attached, it was not in the record. To be competent summary judgment proof, an affidavit must affirmatively show that it is based on personal knowledge. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Weaver's affidavit did not show that she had personal knowledge of the letter; therefore, her affidavit is not competent summary judgment proof of the facts stated in the letter.

Weaver's two proffered excuses for delay in serving E–Z Mart with process is her reliance on the statement by an attorney's secretary that the attorney and his secretary would take care of the service of process and Weaver's ignorance of the law. This does not fulfill the requirements for due diligence;

therefore, her suit was barred by the statute of limitations. We affirm the trial court's granting of summary judgment.