UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10469
Summary Calendar

_____

LANA HARRISON,

Plaintiff-Appellant,

versus

GENERAL MOTORS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket No.: 3:00-CV-1272-X
_____

October 17, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs and pertinent portions of the record. Appellant Harrison concedes that her suit is barred by the Texas statute of limitations unless she has met her burden to show an excuse for her failure to serve process on Appellee GMC within the time set by the statute. Specifically, Harrison's burden was to show that she was diligent in seeking to serve process. Harrison does not dispute

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that her attorney's lack of diligence as to service of process is imputed to her, but she argues that because the attorney committed fraud on her by filing the suit pro se without her consent and by forging her signature on a pleading, this case is different.

We disagree. The district court correctly relied on Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167 (Tex. Ct. App. 1997). Harrison "cannot rely upon any failure on the part of [her] chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client." Id. at 170 (emphasis added). In the Weaver case, the plaintiff's attorneys falsely assured her they would serve process. That case was nearly as amenable to a charge of fraud as the instant one, yet the court affirmed dismissal. See also Rodriquez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 51 (Tex. Ct. App. 1999). For the reasons stated by the district court in its memorandum opinion and order, the judgment of the court is **AFFIRMED**.

2