COURT OF
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-060-CV
 
MIKE D. LEDBETTER                                                                       
APPELLANT
V.
CECILE SOLIVEN, DONALD                                                                
APPELLEES
BOULWARE, AND GREGORY BISBEE
------------
FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant pro se Mike D. Ledbetter appeals from the trial court's dismissal
of his lawsuit against Appellees Cecile Soliven, Donald Boulware, and Gregory
Bisbee and from the court's granting of Appellees' motion for summary judgment.
Appellant complains that the trial court abused its discretion in refusing to
grant him an extension of time to file an expert report and in granting summary
judgment to Appellees. We affirm.
The record reflects that Appellee physicians participated in some manner in a
mental health proceeding in which Appellant was involuntarily committed to the
Wichita Falls State Hospital from October 29, 1998 until November 23, 1998. Although
in his third amended petition Appellant refers to Appellees as "the
Assessment Team," collectively, the record is unclear as to their actual
roles in the proceeding. Regardless of the specifics of their involvement,
Appellant sued Appellees for their alleged failure to properly diagnose the
state of his mental health and need of psychiatric treatment, which led to his
one-month commitment to the state hospital.
On October 31, 2000, Appellant sent a
notice of claim to Appellees as required by the Medical Liability and Insurance
Improvement Act (the "Act"). Tex. Rev. Civ. Stat. Ann. art. 4590i, §
4.01(a) (Vernon Supp. 2003). Appellant, proceeding pro se, filed his original
petition on December 29, 2000, complaining of medical malpractice, negligence,
false imprisonment, intentional infliction of emotional distress, civil and
constitutional rights violations, malicious prosecution, abuse of process, and
fraud. On August 1, 2001, Appellees filed a motion to dismiss pursuant to
article 4590i for Appellant's failure to file a report and curriculum vitae of
an expert as required under the Act. See id. art. 4590i, § 13.01(e).
Appellees also filed a motion for summary judgment asserting the affirmative
defense of limitations.
On November 8, 2001, Appellant filed a
request for an extension of time to file an expert report pursuant to the Act,
over four months past the 180-day expert report deadline of June 27, 2001. See
id. art. 4509i, § 13.01(f). A hearing on Appellees' motion to
dismiss and motion for summary judgment was set for September 6, 2001. After
two delays at Appellant's request, the hearing finally was reset for November
16, 2001.
After the November 16 hearing on
Appellees' motions, the court granted Appellees' motion for summary judgment
based on the statute of limitations. The court also granted their motion to
dismiss and made findings of fact and conclusions of law. The court made the
conclusion of law that Appellant's medical malpractice claims were dismissed
with prejudice based on his failure to timely file an expert report pursuant to
the Act. Id. Among other findings of fact, the court found that
Appellant was aware of the requirement for an expert report prior to August 1,
2001, and that Appellant's failure to file an expert report was not due to
accident or mistake.
In his first three issues, Appellant complains that
the trial court abused its discretion in refusing to grant him an extension of
time to file an expert report under section 13.01(g) of the Act. See id.
art. 4590i, § 13.01(g). Appellant argues that he was pro se and missed the
deadline because he was mistaken as to the law regarding the expert report.
Section 13.01(d) of the Act requires that
within 180 days after a claimant files a health care liability suit, he
"shall," for each physician or health care provider against whom he
asserts a claim:

 (1) furnish to counsel for each
 physician or health care provider one or more expert reports, with a
 curriculum vitae of each expert listed in the report; or
 (2) voluntarily nonsuit the action
 against the physician or health care provider.

Id. art. 4590i, § 13.01(d). The
court may grant a claimant one thirty-day extension of time, after motion and
hearing, for good cause shown. Id. art. 4590i, § 13.01(f). However, if
a claimant has failed to comply with the 180-day deadline, and after a hearing
the court finds that claimant's failure to comply "was not intentional or
the result of conscious indifference but was the result of an accident or
mistake, the court shall grant a grace period of 30 days to permit the claimant
to comply with that subsection." Id. art. 4590i, § 13.01(g).
The mere fact that Appellant acted pro se
does not allow us to find that his error in failing to file an expert report was
due to accident or mistake. Regardless of a party's pro se status, a litigant
who represents himself must comply with applicable laws and rules of procedure. Scoville
v. Shaffer, 9 S.W.3d 201, 204 (Tex. App.--San Antonio 1999, no pet.); Barnett
v. City of Colleyville, 737 S.W.2d 603, 605 (Tex. App.--Fort Worth 1987,
writ denied).
A pro se litigant is held to the same standards that apply to a
licensed attorney. Weaver v. E-Z Mart Stores, Inc., 942
S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.);
Brown v. Tex. Employment Comm'n, 801 S.W.2d 5, 8 (Tex.
App.--Houston [14th Dist.] 1990, writ denied). No allowance is to be made for
the fact that a plaintiff is not a lawyer. Weaver, 942
S.W.2d at 169. Thus, we apply the appropriate standard of review to the trial
court's actions.
We review a trial court's refusal to grant an extension pursuant to
article 4590i, section 13.01(g) under an abuse of discretion standard. See
Finley v. Steenkamp, 19 S.W.3d 533, 538-39 (Tex. App.--Fort Worth 2000, no
pet.). Appellant has the burden to provide a record that demonstrates an abuse
of discretion. See Simon v. York Crane & Rigging Co., 739
S.W.2d 793, 795 (Tex. 1987). When such a record is not provided, we presume that
the evidence before the trial judge was adequate to support the decision and the
trial court did not abuse its discretion. See id. Appellant
has not provided a record as to the hearing on the motion to dismiss and,
therefore, has not met his burden. We overrule issues one through three.
Because Appellant has not shown that the trial court abused its
discretion in dismissing his suit, we do not reach his fourth and fifth issues
as to whether the trial court abused its discretion in granting Appellees'
motion for summary judgment. In addition, in his reply brief, Appellant raises
three new issues arguing constitutional matters, the "common law
exception," and res ipsa loquitur. We will not consider these issues
because Appellant did not raise them in his original brief, and Appellees did
not raise them in their brief. See Tex. R. App. P. 38.3; Smith
v. Hues, 540 S.W.2d 485, 489 (Tex. Civ. App.--Houston [14th Dist.] 1976,
writ ref'd n.r.e.).
We affirm the trial court's judgment.
 
DIXON W. HOLMAN
JUSTICE
 
PANEL B: HOLMAN, GARDNER, and WALKER, JJ.
 
[DELIVERED JANUARY 23, 2003]


1. See Tex.
R. App. P. 47.4.