COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-159-CV
 
DAVID L. MADDOX           
           
           
           
           
           
APPELLANT
V.
JOHN HUTCHENS AND           
           
           
           
           
        APPELLEES
MS. STEVEN L. WOODS
------------
FROM THE 342
ND DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
On July 31, 2002, David L. Maddox,
pro se, filed his brief with this court. Appellant's brief was defective
substantively and in form. Although Appellant is proceeding pro se, he must
comply with all applicable procedural rules. See Weaver v. E-Z Mart Stores,
Inc., 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997, no pet.). A pro se
litigant is held to the same standard that applies to a licensed attorney. Id.;
Brown v. Tex. Employment Comm'n, 801 S.W.2d 5, 8 (Tex. App.--Houston
[14th Dist.] 1990, writ denied). No allowance is to be made for the
fact that a plaintiff is not a lawyer. Weaver, 942 S.W.2d at 169; Bailey
v. Rogers, 631 S.W.2d 784, 786 (Tex. App.--Austin 1982, no writ).
In his brief, Appellant complains
that the trial court erred in granting summary judgment to Appellees. For an
issue to be properly before this court, the issue must be supported by argument
and authorities and must contain appropriate citations to the record. See
Tex. R. App. P. 38.1(h); Knoll v. Neblett, 966 S.W.2d 622, 639 (Tex.
App.--Houston [14th Dist.] 1998, pet. denied). We do not have a duty
to conduct an independent review of the record and applicable law to determine
whether the error complained of occurred. See Hall v. Stephenson,
919 S.W.2d 454, 466-67 (Tex. App.--Fort Worth 1996, writ denied). Thus, an
inadequately briefed issue may be waived on appeal. Id. at 467; see
also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284
(Tex. 1994) (discussing "long-standing rule" that point may be waived
due to inadequate briefing). Furthermore, litigants who represent themselves
must comply with applicable laws and rules of procedure. Scoville v. Shaffer,
9 S.W.3d 201, 204 (Tex. App.--San Antonio 1999, no pet.); Barnett v. City of
Colleyville, 737 S.W.2d 603, 605 (Tex. App.--Fort Worth 1987, writ denied).
Among other defects, Appellant's
brief cites no applicable authority to support the issue he raises.
Additionally, Appellant has not included appropriate record references in
support of his argument. Accordingly, Appellant has waived his issue on appeal,
and we overrule it on that basis. See Fredonia, 881 S.W.2d at
284; TXO Prod. Co. v. M.D. Mark, Inc., 999 S.W.2d 137, 143 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied). We affirm the trial
court's judgment.
 
                                                                       
PER CURIAM

PANEL B: HOLMAN, GARDNER, and
WALKER, JJ.
 
DELIVERED: August 21, 2003

1. See Tex. R. App. P. 47.4.