SMITH V. CONTINENTAL CASUALTY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-038-CV

REGINALD SMITH APPELLANT

V.

CONTINENTAL CASUALTY COMPANY APPELLEE

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Reginald Smith, pro se, filed his brief with this court on April 14, 2004.  At this court’s request, Appellant filed an amended brief on April 28, 2004.  Appellant’s briefs are defective both substantively and in form.  Although Appellant is proceeding pro se, he must comply with all applicable procedural rules.  
See Weaver v. E-Z Mart Stores, Inc.
, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.).  A pro se litigant is held to the same standard that applies to a licensed attorney.  
Id.
; 
Brown v. Tex. Employment Comm’n
, 801 S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  No allowance is to be made for the fact that an appellant is not a lawyer.  
Weaver
, 942 S.W.2d at 169; 
Bailey v. Rogers, 
631 S.W.2d 784, 786 (Tex. App.—Austin 1982, no writ).

In his amended brief, Appellant asserts that Appellee wrongfully terminated his workers’ compensation benefits and complains that the trial court erred by ruling in favor of Appellee and ordering that Appellant take nothing.  For an issue to be properly before this court, the issue must be supported by argument and authorities and must contain appropriate citations to the record.  
See
 
Tex. R. App. P.
 38.1(h); 
Knoll v. Neblett
, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  We do not have a duty to conduct an independent review of the record and applicable law to determine whether the error complained of occurred.  
See
 
Hall v. Stephenson
, 919 S.W.2d 454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  Thus, an inadequately briefed issue may be waived on appeal.  
Id
. at 467; 
see also Fredonia State Bank v. Gen. Am. Life Ins. Co.
, 881 S.W.2d 279, 284 (Tex. 1994) (discussing “long-standing rule” that issue may be waived due to inadequate briefing).  Furthermore, litigants who represent themselves must comply with applicable laws and rules of procedure.  
Scoville v. Shaffer
, 9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.); 
Barnett v. City of Colleyville
, 737 S.W.2d 603, 605 (Tex. App.—Fort Worth 1987, writ denied).

Among other defects, Appellant’s amended brief cites no authority to support the issues he raises.  Additionally, Appellant has not included appropriate record references in support of his argument.  Accordingly, Appellant has waived his issues on appeal, and we overrule them on that basis.  
See
 
Fredonia
, 881 S.W.2d at 284; 
TXO Prod. Co. v. M.D. Mark, Inc
., 999 S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  We affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  July 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.