COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-038-CV
  
  
REGINALD 
SMITH                                                                  APPELLANT
  
V.
  
CONTINENTAL 
CASUALTY COMPANY                                       APPELLEE
  
  
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Reginald Smith, pro se, filed his brief with this court on April 14, 2004. At 
this court’s request, Appellant filed an amended brief on April 28, 
2004.  Appellant’s briefs are defective both substantively and in 
form.  Although Appellant is proceeding pro se, he must comply with all 
applicable procedural rules.  See Weaver v. E-Z Mart Stores, Inc., 
942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.).  A pro se 
litigant is held to the same standard that applies to a licensed attorney.  
Id.; Brown v. Tex. Employment Comm’n, 801 S.W.2d 5, 8 (Tex. 
App.—Houston [14th Dist.] 1990, writ denied).  No allowance is to be made 
for the fact that an appellant is not a lawyer.  Weaver, 942 S.W.2d 
at 169; Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.—Austin 1982, 
no writ).
        In 
his amended brief, Appellant asserts that Appellee wrongfully terminated his 
workers’ compensation benefits and complains that the trial court erred by 
ruling in favor of Appellee and ordering that Appellant take nothing.  For 
an issue to be properly before this court, the issue must be supported by 
argument and authorities and must contain appropriate citations to the 
record.  See Tex. R. App. P. 
38.1(h); Knoll v. Neblett, 966 S.W.2d 622, 639 (Tex. App.—Houston [14th 
Dist.] 1998, pet. denied).  We do not have a duty to conduct an independent 
review of the record and applicable law to determine whether the error 
complained of occurred.  See Hall v. Stephenson, 919 S.W.2d 
454, 466-67 (Tex. App.—Fort Worth 1996, writ denied).  Thus, an 
inadequately briefed issue may be waived on appeal.  Id. at 467; see 
also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 
(Tex. 1994) (discussing “long-standing rule” that issue may be waived due to 
inadequate briefing).  Furthermore, litigants who represent themselves must 
comply with applicable laws and rules of procedure.  Scoville v. Shaffer, 
9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.); Barnett v. City of 
Colleyville, 737 S.W.2d 603, 605 (Tex. App.—Fort Worth 1987, writ denied).
        Among 
other defects, Appellant’s amended brief cites no authority to support the 
issues he raises.  Additionally, Appellant has not included appropriate 
record references in support of his argument.  Accordingly, Appellant has 
waived his issues on appeal, and we overrule them on that basis.  See 
Fredonia, 881 S.W.2d at 284; TXO Prod. Co. v. M.D. Mark, Inc., 999 
S.W.2d 137, 143 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  We 
affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
   
 
PANEL 
F:   HOLMAN, J.; CAYCE, C.J.; and MCCOY, J.
 
DELIVERED: 
July 22, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.