

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00132-CV
_____

### CORDELL MOODY, Appellant

### V.

### KYLE JAMES, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 08-0222

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Cordell Moody was stricken with food poisoning after he was allegedly served undercooked chicken at the Golden Corral. Acting pro se, he sued owner Kyle James, individually, who answered and filed a no-evidence motion for summary judgment on issues of duty, breach, and causation. Despite proper service, Moody never responded to the motion, and the trial court entered summary judgment as required by Rule 166a(i) of the Texas Rules of Civil Procedure. On appeal, Moody complains that: 1) the summary judgment violated his due process rights by denying him a fair hearing; 2) the court did not rule on all of his pleadings and motions; and 3) medical records documenting his food poisoning were missing from the record. We hold that summary judgment was proper and affirm the trial court's ruling.

I.    **Factual and Procedural Background**

Alleging that he ate undercooked chicken at a Marshall, Texas, Golden Corral, Moody sued James for "damages, for pain and suffering, damage of delay, falsifying legal documents, false identity, long suffering of harassment, mental anguish, and what ever [sic] the Courts may add on as prompt consideration." A liberal reading of Moody's complaint may be interpreted as alleging a cause of action based on a negligence theory. James filed a general denial and further asserted he did not individually own the Golden Corral. James filed a no-evidence motion for summary

2

judgment alleging that Moody had no evidence to demonstrate James owed a legal duty to Moody, breached any legal duty, or caused Moody's food poisoning through any act or omission.[1]

Moody was notified that the summary judgment would be submitted on September 12, 2008. He filed an objection on August 20, 2008, claiming he had not received a copy of the summary judgment motion. James responded by producing the affidavit of his counsel's legal assistant, wherein she testified under oath that she personally placed the motion in the mail to Moody by certified mail, return receipt number 7007 2680 0001 1096 8227. A matching return green card receipt bearing Moody's signature was attached, and demonstrated he received the motion on August 7, 2008. Nevertheless, the trial court postponed the submission date to September 19, 2008. Still, no response to James' motion was filed, and the trial court granted James' no-evidence motion for summary judgment on October 17, 2008.

## II.    Standard of Review

We review de novo a trial court's grant of summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no-evidence summary judgment is essentially a pretrial directed verdict. Therefore, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence contention will be sustained where: (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or

---

[1]The motion also alleged Moody had no evidence to support any other possible causes of action.

3

of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively established the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997); *see Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 870 (Tex. App.—Texarkana 2000, no pet.). In this case, we determine whether Moody produced any evidence of probative force to raise a fact issue on the material issues of duty, breach, and causation. *See Havner*, 953 S.W.2d at 711; *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Vial v. Gas Solutions, Ltd.*, 187 S.W.3d 220, 228 (Tex. App.—Texarkana 2006, no pet.); *see also* TEX. R. CIV. P. 166a(i).

A party proceeding pro se must "comply with all applicable procedural rules." *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no pet.). By filing a Rule 166a(i) no-evidence summary judgment motion, James asserted there was "no evidence of one or more essential elements of a claim or defense on which" Moody "would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). Moody was then required to present the trial court with evidence raising a genuine issue of material fact on the challenged elements. *Id.* Moody could only defeat James' motion if more than a scintilla of probative evidence on each challenged element was presented. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *DR Partners v. Floyd*, 228 S.W.3d 493 (Tex. App.—Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner*, 953 S.W.2d at 711. If Moody failed to bring forth such evidence, the

4

trial court was required to grant James' motion. *See* TEX. R. CIV. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

In a summary judgment hearing, the trial court's decision is based on written pleadings and written evidence rather than live testimony. *See* TEX. R. CIV. P. 166a(c). In our review, we consider all the summary judgment evidence in the light most favorable to Moody, disregarding all contrary evidence and inferences. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Havner*, 953 S.W.2d at 711. If the evidence does no more than create a mere surmise or suspicion of fact, less than a scintilla of evidence exists, and we must affirm the summary judgment. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 282 (Tex. 1995); *Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

## III. Analysis

Moody's appeal complains that certain records were missing from the clerk's record. The district clerk filed a supplemental record which contains the items Moody alleged were not included in the original record. A review of the supplemental clerk's record contains a receipt for a meal from the Golden Corral dated January 19, 2007, but there is no evidence by affidavit or otherwise that this receipt was for food consumed by Moody. Medical records beginning on January 22, 2007, appear to exhibit some treatment for food poisoning. While these records, if they were properly authenticated, admitted, filed, and presented to the judge in a timely fashion, could be considered evidence that Moody suffered from food poisoning shortly after the date of the receipt from the

5

Golden Corral, they fail to address whether James owed a legal duty to Moody, and whether that duty was breached.

Regardless of their possible legal significance, the receipt and medical records cannot be considered as summary judgment evidence. The receipt and medical records were apparently attachments to the pleadings, as they have no clerk's file mark. Further, the records are not authenticated. Authentication is a condition precedent to the admissibility of a document into evidence. TEX. R. EVID. 901(a). A document is considered authentic if a sponsoring witness vouches for its authenticity or if the document meets the requirements of self-authentication. *In re G.F.O.*, 874 S.W.2d 729, 731 (Tex. App.—Houston [1st Dist.] 1994, no writ). Unauthenticated or unsworn documents are not entitled to consideration as summary judgment evidence. *Llopa, Inc. v. Nagal*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied). Neither the receipt from the Golden Corral, nor the medical records were properly authenticated. Consequently, there is no summary judgment evidence in the record to support Moody's position.

Instead, the record simply shows that, despite proper service, Moody failed to respond to James' no-evidence motion for summary judgment, even after the trial court sent notices of submission dates to Moody. Therefore, under the clear mandate of Rule 166a(i), the trial court was required to grant James' motion.

Moody complains that his due process rights were violated because he was denied a hearing on the summary judgment. Since a summary judgment is a judgment based solely on the pleadings

and/or summary judgment evidence, a trial court can, as it did in this case, forego oral hearing and take the summary judgment under submission. *Woods v. Wal-Mart Stores, Inc.*, No. 06-07-00006-CV, 2007 Tex. App. LEXIS 3743, at \*4 (Tex. App.—Texarkana May 16, 2007, no pet.); *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.—Dallas 1994, no writ). Since Moody received notice and had a reasonable opportunity to present his written response and evidence, the contention that due process was violated, when the trial court simply followed the Texas Rules of Civil Procedure, is overruled.[2] *See Whiteside v. Ford Motor Credit Co.*, 220 S.W.3d 191, 194 (Tex. App.—Dallas 2007, no pet.).

Finally, Moody alleges that the trial court failed to rule on several motions and pleadings filed by him. He does not identify these motions or pleadings in any manner, and fails to provide any argument, citation to authority, or record citations in support of this contention. Rule 38.1(h) requires that a brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h). This point of error is overruled for lack of adequate briefing. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem appellate points waived due to inadequate briefing). Further, there is nothing in Moody's brief that would indicate any filings made by him would impact the trial court's summary judgment.

---

[2]We also note that Moody previously filed a short, two-paragraph "Motion for Judgment on the Pleading" simply asking the trial court to award $150,000.00 in damages because "[d]efendants have had reasonable opportunity to present all material facts, for a fair settlement."

7

## IV. Conclusion

We affirm the trial court's summary judgment pursuant to Rule 166a(i) of the Texas Rules of Civil Procedure.

Jack Carter
Justice

Date Submitted:     January 20, 2009
Date Decided:       January 21, 2009