# NO. 12-08-00407-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM ESPINOZA PENA,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *DAVID W. MCDOWELL, LENNIS R. NICHOLS,*<br>*ELWIN E. HOGAN, STACY JOHNSON,*<br>*TRACIE L. SHIREY AND*<br>*RAYMOND E. THOMPSON, APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

William Espinoza Pena, while an inmate in the Texas Department of Criminal Justice ("TDCJ"), proceeding pro se, filed an *in forma pauperis* suit against David W. McDowell, Lennis R. Nichols, Elwin E. Hogan, Stacy Johnson, Tracie L. Shirey, and Raymond E. Thompson (collectively "Appellees"). In three issues, Pena contends that the trial court improperly dismissed his suit with prejudice pursuant to Texas Civil Practice and Remedies Code, chapter 14. We affirm.

### BACKGROUND

On November 18, 2004, Pena, while incarcerated, filed an *in forma pauperis* civil suit against Appellees. By his suit, Pena sought damages from Appellees for violations of his civil rights. Specifically, Pena alleged that, on or about August 26, 2002, he was injured as a result of his being forced to move heavy boxes containing his personal property during an unwarranted cell transfer.[1] Johnson did not answer or otherwise make

---

[1] Pena previously filed a lawsuit based on this same occurrence within the two year statute of limitations. The trial court dismissed the suit with prejudice pursuant to chapter 14. We reformed the trial court's judgment to reflect a dismissal "without prejudice" and, as reformed, affirmed the judgment. *See Pena v. McDowell*, No. 12-03-00141-CV, 2004 WL 2423546, at *4 (Tex. App.-Tyler Oct. 29, 2004, no pet.) (mem. op).

1

an appearance. According to Pena, such coerced labor arose from a conspiracy by Appellees to retaliate against him for his prolific practice as a "writ-writer/jailhouse-lawyer." The trial court dismissed Pena's suit pursuant to Texas Civil Practice and Remedies Code, chapter 14, and Pena appealed. By opinion delivered March 30, 2007, we affirmed the trial court's dismissal in part, reversed the trial court's dismissal in part, and remanded the case to the trial court for further proceedings.[2]

On June 7, 2007, Pena filed a motion for a "*Spears*"[3] hearing. On October 19, 2007, Pena was released from prison on parole. Thereafter, Pena was hospitalized from October 22, 2007 until April 18, 2008. On April 30, 2008, Pena filed a motion for setting.

On July 31, 2008, the trial court conducted a status hearing. At the hearing, the trial court questioned Pena concerning what efforts he had made in the past year to determine why citation had not been issued. Pena responded that he had been hospitalized for the past year and a half, but had "kept abreast with the courts" and "[let the court] know [his] change of address and why [he] was out of circulation." At the conclusion of the hearing, the trial court ordered that citation issue.

Citation was returned dated August 1, 2008 for each appellee except Johnson, who, according to the return, was no longer a TDCJ employee. Subsequently, Appellees[4] answered and moved to dismiss pursuant to Chapter 14. Specifically, Appellees argued that Pena had not exercised diligence in serving them with process. Pena filed a response, but failed to specifically address Appellees' argument that he had not exercised diligence in serving them other than to aver that Appellees' argument was "without grounds as a matter of fact." On September 25, 2008, the trial court dismissed Pena's suit with prejudice as "frivolous" pursuant to chapter 14. This appeal followed.

---

[2] *See **Pena v. McDowell***, 12-05-00116-CV, 2007 WL 949614, at *10 (Tex. App.–Tyler Mar. 30, 2007, no pet.) (mem. op.). The mandate pertaining to our March 30 order issued on May 29, 2007.

[3] *See **Spears v. McCotter***, 766 F.2d 179, 181-82 (5th Cir.1985) (establishing courtroom hearing as substitute for motion for more definite statement in pro se cases), *overruled on other grounds*, ***Neitzke v. Williams***, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d 338 (1989).

[4] Johnson did not answer or otherwise make an appearance.

## SERVICE OF PROCESS, LIMITATIONS, AND EXERCISE OF DILIGENCE

In his first, second, and third issues, Pena argues that the trial court erred in dismissing his lawsuit.[5] We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ). We will affirm a dismissal if it was proper under any legal theory. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied).

"Service of citation" is a term that describes the formal process by which a plaintiff gives a defendant notice that it has been sued. *See Texas Nat. Res. Conserv. Comm'n v. Sierra Club*, 70 S.W.3d 709, 813 (Tex. 2002). The purpose of the citation is to give the trial court jurisdiction over the defendant, to satisfy due process requirements, and to give the defendant the opportunity to appear and defend. *See Cockrell v. Estevez*, 737 S.W.2d 138, 140 (Tex. App.–San Antonio 1987, no writ).

When a suit is timely filed, as in the case at hand, but the defendant is not served until after the limitations period expires, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no pet.). A plea of limitation is an affirmative defense. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Whether a plaintiff's claim is barred by limitations depends on whether the plaintiff interrupted the running of limitations. *See Murray v. San Jacinto Agency*, 800 S.W.2d 826, 829–30 (Tex. 1990). Generally, the mere filing of a suit does not interrupt

---

[5] We have construed Pena's issues liberally in the interest of justice. *See, e.g., Newman v. Castro*, No. 12-04-00051-CV, 2005 WL 1243418, at *1 n.1 (Tex. App.–Tyler May 25, 2005, pet dism'd w.o.j.).

the running of limitations unless due diligence is exercised in the issuance and service of citation. *Id.* at 830.

It is the responsibility of the party requesting service to ensure that service is properly accomplished. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Aguilar v. Stone*, 901 S.W.2d 955, 955 (Tex. App.–Houston [1st Dist.] 1995, no writ). It is the attorney's duty to ascertain the status and completion of citation. *See Weaver*, 942 S.W.2d at 169. Here, because Pena had no attorney, it was his duty. *Id*.

Pena was a pro se litigant during the time period that service of citation was delayed. A party proceeding pro se must comply with all applicable procedural rules. *Id.*; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex.1978); *Clark v. Yarbrough*, 900 S.W.2d 406, 409 (Tex. App.–Texarkana 1995, writ denied). A pro se litigant is held to the same standard that applies to a licensed attorney. *Weaver*, 942 S.W.2d at 169; *Brown v. Tex. Employment Comm'n*, 801 S.W.2d 5, 8 (Tex. App.–Houston [14th Dist.] 1990, writ denied). No allowance is to be made for the fact that a plaintiff is not a lawyer. *Weaver*, 942 S.W.2d at 169; *Bailey v. Rogers*, 631 S.W.2d 784, 786 (Tex. App.–Austin 1982, no writ).

In the case at hand, a period of approximately fifteen months elapsed from the date of our mandate pertaining to the remand of Pena's lawsuit to the trial court until the date Appellees were served with process. The record further reflects that, during that time period, Pena was hospitalized. However, despite his hospitalization, Pena sought to obtain discovery from the office of the Attorney General and notified the court of changes of address. Yet, there is no indication from the record that Pena made any effort to have Appellees served with process. There is further no indication in the record that, during the three months following his release from the hospital, Pena made any effort to investigate why service had not been accomplished.

Based on our review of the record, we conclude that Pena cannot demonstrate that he exercised diligence in having Appellees served with process. Other courts have held that periods of inactivity far shorter than that in the case before us constituted a lack of diligence as a matter of law. *See, e.g., Meza v. Hooker Contracting Co.*, 104 S.W.3d 111, 114 (Tex. App.–San Antonio 2003, no pet.) (eight months); *Webster v. Thomas*, 5 S.W.3d 287, 290 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (four months); *Weaver*,

4

942 S.W.2d at 169–70 (nine months); *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex. App.–Corpus Christi 1991, no writ) (five months). As such, it follows that Pena's filing of suit did not interrupt the period of limitations.[6] *See Murray*, 800 S.W.2d at 830. Therefore, we hold that the trial court did not abuse its discretion in dismissing Pena's suit with prejudice.[7] Pena's first, second, and third issues are overruled.

## DISPOSITION

Having overruled Pena's first, second, and third issues, we *affirm* the trial court's judgment.

        **JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[6] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2009) (two year limitations period for personal injury suits); *see also* **Ali v. Higgs**¸892 F.2d 438, 439 (5th Cir. 1990) (federal courts borrow forum state's general personal injury limitations period for section 1983 civil rights action).

[7] Because the limitations period has expired, Pena cannot remedy the error. Therefore, the dismissal with prejudice is appropriate. *See* **Garrett v. Williams**, 250 S.W.3d 154, 160 (Tex. App–Fort Worth 2008, no pet.).