Opinion issued March 1, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00024-CV

———————————

Frankie Cooper, Appellant

V.

Walgreens
Company, Appellee



 



 

On Appeal from the 270th District Court 

Harris County, Texas



Trial Court Case No. 0858751

 



 

MEMORANDUM OPINION

Frankie Cooper appeals a summary judgment entered in favor of Walgreens
Company on limitations grounds.  Cooper
asserts that the trial court erred in granting Walgreens’ motion because she
raised a fact issue on the question of diligence of service.  We hold that Cooper did not raise a fact
issue and therefore affirm.

Background

          Cooper alleges that she sustained
injuries after slipping and falling in a Walgreens store on October 16,
2006.  Cooper sued Walgreens on October
6, 2008, but did not serve it with citation until April 6, 2010—over eighteen months after the
statute of limitations had run.[1]  Walgreens sought summary judgment on
limitations grounds, contending that Cooper had failed to exercise diligence in
serving it.  To explain her delay, Cooper
replied that she “had an attorney who should know the law” draft her pro se petition.  She
believed that the court “take[s] care of” service.  Cooper further explained that she diligently
sought an attorney to take her case, “approach[ing]
tens of attorneys on a continuing basis . . . .”  The trial court granted Walgreens’ summary
judgment motion.  

Discussion

Standard of Review

We review de
novo the trial court’s ruling on a motion for summary judgment. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  In a traditional
motion for summary judgment, the movant must establish that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex.
R. Civ. P. 166a(c).  When a defendant moves for summary judgment, it
must either: (1) disprove at least one essential elements of the plaintiff’s
cause of action, or (2) plead and conclusively establish each essential element
of its affirmative defense, thereby defeating the plaintiff’s cause of action.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).  To determine if the nonmovant raised a fact issue, we review the evidence in
the light most favorable to the nonmovant, crediting
favorable evidence if reasonable jurors could do so, and disregarding contrary
evidence unless reasonable jurors could not. 
See Fielding, 289 S.W.3d at 848 (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).   

Diligence in Service

A plaintiff
raising a personal injury claim must “bring suit” within two years after the
day that the cause of action accrues.  Tex. Civ. Prac. & Rem. Code. Ann. § 16.003(a) (West
Supp. 2009).  To
“bring suit” a plaintiff must not only file suit within the limitations period,
but must also exercise diligence in serving the defendant with process.  Gant v.
DeLeon, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam); see also Ashley
v. Hawkins, 293 S.W.3d 175, 179 (Tex. 2009) (service on defendant outside
limitations period valid only if plaintiff exercised diligence in serving
defendant with process); Proulx v. Wells, 235 S.W.3d 213, 215 (Tex.
2007) (per curiam) (“[a] timely filed suit will not
interrupt the running of limitations unless the plaintiff exercises diligence
in the issuance and service of citation.”).

          If
a defendant affirmatively pleads a limitations defense and demonstrates that
service has occurred after the limitations deadline, the burden shifts to the
plaintiff to prove diligence.  Ashley, 293 S.W.3d at
179; Proulx,
235 S.W.3d at 216.  To show diligence, a
plaintiff must present evidence showing efforts made to serve the defendant and
must explain every lapse in effort or period of delay.  Proulx, 235 S.W.3d at 216.  The question of the plaintiff’s diligence is
generally one of fact to be “determined by examining the time it took to secure
citation, service, or both, and the type of effort or lack of effort the
plaintiff expended in procuring service.” 
Id.  But if “one or more lapses between service
efforts are unexplained or patently unreasonable,” then the record demonstrates
lack of diligence as a matter of law.  Id. 

          Cooper
sued Walgreens ten days before the two-year limitations period expired.  See Tex. Civ. Prac. & Rem. Code. Ann. § 16.003(a).  But Cooper did not serve Walgreens with
citation until April 6, 2010—over eighteen months after the statute of limitations
had run.  Cooper thus has the burden to
prove her diligence and explain her delay in serving Walgreens.  See
Ashley, 293 S.W.3d at 179; Proulx, 235 S.W.3d at 216.  

Cooper
proffered three explanations: (1) she “had an attorney who should know the law”
draft her pro se petition; (2) she believed that the
court “take[s] care of” service; and (3) she “approached tens of attorneys on a
continuing basis to try to get one to take [her] case.”  These explanations fail to demonstrate
diligence in obtaining service on Walgreens as a matter of law because none of
them show any attempt at serving Walgreens. 
See Weaver v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169–70 (Tex.
App.—Texarkana 1997, no writ) (affirming summary judgment grant on limitations
grounds against pro se plaintiff because neither ignorance of the law nor
reliance on an attorney constitutes an excuse for delay in service); see also Carter v. MacFadyen,
93 S.W.3d 307, 314–15 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (“A
flurry of ineffective activity does not constitute due diligence if easily
available and more effective alternatives are ignored.”); Brown v. Tex. Employment Comm’n, 801
S.W.2d 5, 8 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (party proceeding pro se is held to the same standard as a licensed attorney).  Further, courts have consistently held that
unexplained delays in obtaining service, shorter than the delay here,
constitute a lack of due diligence as a matter of law.  See, e.g., Weaver,
942 S.W.2d at 168 (nine months); Webster
v. Thomas, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
(four months); Butler
v. Ross, 836 S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ)
(five months).




Conclusion

          We
conclude that the trial court properly determined that the summary judgment
evidence fails to raise a fact issue as to reasonable diligence in procuring
service.  We therefore affirm the
judgment of the trial court. 

 

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]         See Tex.
Civ. Prac. & Rem. Code.
Ann. § 16.003(a) (West Supp. 2009) (establishing two-year
statute of limitations for personal injury actions).