Linda J. BROOM, Appellant,

v.

Benzel C. MacMASTER, M.D. and Presbyterian Hospital of Dallas, Appellees.

No. 05–97–00394–CV.

Court of Appeals of Texas, Dallas.

May 3, 1999.

Rehearing Overruled June 30, 1999.

---

18. *See Science Spectrum, Inc.*, 941 S.W.2d at 911.

Alfred W. Ellis, Howie & Sweeney, L.L.P., Dallas, for Appellant.

Gerald W. Benson, Steven C. Couch, Prager & Benson, P.C., Tanya Tyer Smitherman, Gwin & Roby, Kevin J. Keith, Fowler Wiles Norton & Keith, L.L.P., Dallas, for Appellees.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

Opinion by Justice MORRIS.

On the last day before the statute of limitations was to run on her claims, Linda J. Broom filed a medical malpractice suit against Dr. Benzel C. MacMaster and Presbyterian Hospital of Dallas. Broom did not, however, provide MacMaster with an expert report within 180 days of filing her suit as required by the Medical Liability and Insurance Improvement Act. We must decide whether Broom proved she was entitled to the grace period provided by the Act within which to file the report and avoid dismissal of her claims against MacMaster. We must also decide whether Broom was diligent in effecting service of process on Presbyterian Hospital, thus precluding application of the statute of limitations to bar her claims against it. Because Broom failed to show her late filing of the expert report was a result of accident or mistake, we conclude she did not prove she was entitled to the grace period provided by the Act, and we affirm the trial court's dismissal of Broom's claims against MacMaster. Further, we conclude Broom did not use due diligence in attempting to serve Presbyterian Hospital, and we affirm the trial court's summary judgment in the hospital's favor.

### FACTUAL BACKGROUND

On January 23, 1996, nearly two months after filing her suit in November 1995, Broom requested issuance and service of citation on MacMaster. No similar request was made with respect to Presbyterian Hospital until March 14, 1996. The hospital was not served with citation until mid-April.

Several months after being served, Presbyterian Hospital filed a motion for summary judgment grounded in the argument that, although Broom filed suit within the time period prescribed by the statute of limitations, the hospital was not served with citation until after the limitations period had run and Broom failed to use diligence in effecting service. Because diligence in attempting service is required when the defendant is served after the limitations period has expired, Presbyterian Hospital argued that it was entitled to judgment as a matter of law. The trial court agreed and granted the hospital a summary judgment on September 12, 1996.

Approximately two weeks later, MacMaster filed a motion to dismiss Broom's claims against him and to recover his fees and costs pursuant to article 4590i, section 13.01(e) of the Medical Liability and Insurance Improvement Act. MacMaster alleged that Broom had not timely provided him with an expert report, or, in the alternative, voluntarily dismissed her claims

against him as required by section 13.01(d).[1] Urging the trial court to apply the provisions of section 13.01(e), MacMaster argued he was entitled to dismissal of the claims against him with prejudice to refiling as well as reasonable attorney's fees and costs of court.[2]

After MacMaster filed his motion, but before the motion was heard, Broom sent him a report prepared by her expert witness, a physician. Also before MacMaster's motion was heard, Broom filed a motion pursuant to article 4590i, section 13.01(g) for additional time within which to file the report. The motion was verified by her attorney. The trial court denied Broom's motion and dismissed her claims against MacMaster with prejudice pursuant to section 13.01(e). Broom then filed a motion to reconsider the denial of her motion and the dismissal of her claims. Attached to this motion was an affidavit of her attorney further explaining the reasons for the late filing of the report. The trial court denied the motion to reconsider. This appeal followed challenging both the trial court's dismissal order in favor of MacMaster and its summary judgment in favor of the hospital.

### DISCUSSION

Article 4590i, section 13.01 generally establishes procedural provisions to be applied in a lawsuit asserting a "health care liability claim," such as the medical mal-

practice claim in this case. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Pamph.1999). Subsection (d) of section 13.01 provides that a claimant like Broom must either: (1) provide to the defendant doctor an expert report within 180 days after suit is filed or by the last day of any extended period; or (2) voluntarily dismiss the action against the defendant doctor, which may be done without prejudice to refiling. *Id.* § 13.01(d). Failure to take one of the two actions permits the defendant doctor to seek sanctions under section 13.01(e), including having the claims against him dismissed with prejudice. *Id.* § 13.01(e).

The "extended period" referred to in subsection (d) may be obtained by the claimant through either subsection (f) or (h). *Id.* § 13.01(f) & (h). Under subsection (f), the trial court may extend the 180 day period within which to file an expert report for an additional thirty days if a motion to extend is filed and, after a hearing, the trial court finds there is good cause to grant the extension. Subsection (h) permits parties to make a binding, enforceable agreement to extend the 180 day period if the agreement is reduced to writing, signed, and filed with the trial court.

Additional time within which to meet the requirements of section 13.01(d) is also provided by subsection (g). Subsection (g) states:

1. Section 13.01(d) provides that:

   [n]ot later than the later of the 180 th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:
   (1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or
   (2) voluntarily nonsuit the action against the physician or health care provider.
   *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Pamph.1999).

2. If the claimant fails to meet the requirements of section 13.01(d), section 13.01(e) provides that:
   the [trial] court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:
   (1) the reasonable attorney's fees and costs of court incurred by that defendant;
   (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
   (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.
   *See id.* § 13.01(e).

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was *not intentional or the result of conscious indifference but was the result of accident or mistake,* the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Pamph.1999) (emphasis added). Unlike subsections (f) and (h), this subsection does not operate to extend the 180 day period set out in subsection (d), but instead provides for a thirty day window of time within which the plaintiff may take the actions required by subsection (d). The provision is a "safety valve" to prevent the forfeiture of claims through an accident *or* mistake that causes a party to fail to comply with subsection (d) in the first instance.

In her first point of error, Broom challenges the trial court's order granting MacMaster's motion to dismiss because of her failure to timely provide him with an expert report under section 13.01(d). Broom argues that the uncontroverted facts set forth in her verified motion for extension of time and the affidavit attached to her motion to reconsider entitle her to a thirty day grace period under subsection (g) within which to file an expert report and prevent MacMaster from having her claims dismissed with prejudice. Broom concedes that she did not timely file an expert report and did not seek an extension of time pursuant to subsections (f) or (h). Instead, after MacMaster filed his motion for dismissal and for sanctions, Broom requested the trial court to grant her a thirty day grace period under section 13.01(g).

The italicized language of section 13.01(g) noted above is nearly identical to that of rule 165a(3) of the Texas Rules of Civil Procedure, which sets forth the circumstances under which a trial court must reinstate a case after its dismissal for want of prosecution. *See* TEX.R. CIV. P. 165a(3).[3] The same language was initially used by the Texas Supreme Court when it announced its guiding rules for granting a new trial following a default judgment in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). Under both rule 165a(3) and *Craddock,* the trial court must consider any culpability of the party or his attorney when deciding whether a party's claims should be reinstated. The extensive case law developed under rule 165a(3) and *Craddock* examines the meaning of and relationship between the terms "intentional," "conscious indifference," "mistake," and "accident." Because section 13.01(g) uses the same language, this case law is instructive. *See McClure v. Landis,* 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, writ denied).

Broom argues that her failure to meet the deadline was not intentional or due to conscious indifference and, therefore, she was entitled to the additional time provided by section 13.01(g). In determining whether Broom's failure to timely file an expert report was intentional or due to conscious indifference, we must look to her knowledge and acts or the knowledge and acts of her attorney. *See Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex. 1984). A failure to file a report is not intentional or due to conscious indifference merely because it is deliberate. *See Smith v. Babcock & Wilcox Constr. Co., Inc.,* 913 S.W.2d 467, 468 (Tex.1995). The act must also be without adequate justification. *See id.* Justification may be proven through a showing of mistake or accident. *Bank*

---

**3.** "The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was

due to accident or mistake or that the failure has been otherwise reasonably explained." TEX.R. CIV. P. 165a(3).

*One, Texas N.A. v. Moody,* 830 S.W.2d 81, 83 (Tex.1992).

The uncontroverted evidence shows that Broom's attorney was unquestionably aware of the date by which he was required to provide an expert report to Mac-Master. The evidence further establishes that Broom's attorney never sought a "good cause" or agreed extension of time within which to file the report as provided by sections 13.01(f) and (h) respectively. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(f) & (h) (Vernon Pamph.1999). The reasons given for his failure to timely provide the report include the lateness with which the case was referred to him, the large amount of work created by the case and others he was handling, and his assumption that opposing counsel would not "press the issue" and seek strict compliance with the requirements of subsection (d). None of these reasons constitutes a "mistake" or "accident" that would justify his failing to meet a known statutory deadline. Absent a showing of accident or mistake that would justify Broom's failure to provide MacMaster with an expert report within the time required by subsection (d), we cannot conclude the trial court erred in dismissing Broom's claims against MacMaster. *See Estrello v. Elboar,* 965 S.W.2d 754, 758 (Tex.App.-Fort Worth 1998, no pet.). We overrule Broom's first point of error.

▮ In her second point of error, Broom contends the trial court erred in granting Presbyterian Hospital's motion for summary judgment on the ground that her claims were barred by the statute of limitations. Broom concedes that the hospital was not served with process within the limitations period. She argues, however, that the date she served the hospital relates back to the date she filed her suit, which was within the statutory period.

▮ The purpose behind a statute of limitations is not only to encourage a plaintiff to prosecute her claims within a certain period of time but, just as important, to advise the defendant of the claims against him in a timely fashion so that he may prepare his defense and preserve evidence before the lapse of time has rendered this process difficult, if not impossible. *See Buie v. Couch,* 126 S.W.2d 565, 566 (Tex. Civ.App.-Waco 1939, writ ref'd). It is for this reason courts have held that to "bring suit," as contemplated by a statute of limitations, a plaintiff must both file her action *and* have the defendant served with process. *See Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). It is the service of process that gives the defendant legal notice of the allegations being made against him.

▮ When a plaintiff files suit within the limitations period but does not serve the defendant until after the statutory period expires, the date of service relates back to the date of filing only if the plaintiff exercises diligence in effecting service. *See id.* Because notice to the defendant within the statutory period is an important goal of statutes of limitations, the courts look to whether the plaintiff had, at the time suit was filed, a "bona fide intention" to have process issued and served. *See Buie,* 126 S.W.2d at 566. This intent may be shown through the use of diligence to effect service. The duty to exercise diligence continues until service of process is achieved. *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.-Amarillo 1980, no writ).

▮ If a defendant moves for summary judgment on the ground that process was not served within the limitations period, the defendant must show that, as a matter of law, diligence was not used to effectuate service. *Gant,* 786 S.W.2d at 260. In this case, the undisputed summary judgment evidence shows that Broom did nothing to attempt service on Presbyterian Hospital for over three months after suit was filed. Service of process was not actually achieved until more than four months after suit was filed. Indeed, Broom's own summary judgment evidence filed in response to the hospital's motion conclusively shows

that there was no immediate intention to serve the hospital at the time Broom filed suit. *See id.* (evidence including plaintiffs' own summary judgment affidavits used to show lack of diligence as a matter of law). In an affidavit filed by Broom's attorney he states that he "withheld" issuance of citation on the hospital because "there was still a question in [his] mind" about whether Presbyterian Hospital was an appropriate party. What Broom's attorney does not acknowledge is that he made the decision to make Presbyterian Hospital a party to the suit when he filed Broom's petition naming the hospital as a defendant. Having made that decision, it was incumbent upon Broom to diligently attempt to serve the hospital to prevent her claims from being barred by the statute of limitations.

 Later in his affidavit, Broom's attorney states that he "chose not to issue citation and have the Defendant Presbyterian served" because the case had been removed to federal court and he felt that the hospital's presence in the suit would complicate his attempts to have the case remanded to state court. The case was not removed, however, until almost three months after it was filed. Broom could have served the hospital at any point during the first three months the case was pending in state court irrespective of any reason for not serving the hospital while the case was pending in federal court. Furthermore, even if counsel's reasons for withholding service may be tactically understandable, they do not create a fact issue about whether diligence was used in effecting service. Indeed, they support the hospital's argument that diligence was not used. Although a plaintiff may have good reasons for not wanting to seek immediate service on a defendant, those reasons do not negate the requirement that diligence be used in attempting service once the limitations period has passed. If the limitations period has passed, a plaintiff must use due diligence to procure service regardless of any reasons he may

have not to want to do so. To hold otherwise would ignore the goal of statutes of limitations to inform defendants in a timely fashion of claims against them and would eviscerate the long established due diligence requirement. We conclude the summary judgment evidence established Broom's lack of diligence as a matter of law. We overrule Broom's second point of error.

We affirm the trial court's judgment.