COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

VERONICA MONTES,                                    No. 08-06-00326-CV

§

          Appellant,                                    Appeal from

§

v.                                                  168th District Court

§

JORGE VILLARREAL, M.D.,                             of El Paso County, Texas

§

          Appellee.                                     (TC # 2005-3667)

§

**O P I N I O N**

Veronica Montes appeals from a summary judgment granted in favor of Dr. Jorge Villarreal on the affirmative defense of limitations. We must decide whether her attorney exercised due diligence in requesting service of process four months after the statute of limitations had expired. We conclude that he did not. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

On March 13, 2003, Dr. Villarreal, an obstetrician/gynecologist, performed exploratory surgery on thirty-two-year-old Montes at Las Palmas Medical Center. He found a ruptured left hemorrhagic ovarian cyst with possible torsion and performed a left salpingo-oophorectomy. During surgery, Dr. Villarreal found adhesions to the sigmoid colon which were "taken down using sharp dissection." Montes was discharged from the hospital on March 15. The following day, she returned to Las Palmas by ambulance with complaints of abdominal pain and inability to urinate. Dr. Villarreal admitted Montes to the hospital with a diagnosis of post-operative ileus. On March 17, Montes developed tachycardia and tachypnea, and she underwent exploratory surgery on March 18 with a pre-operative diagnosis of sepsis. Dr. Jaime Rafael Gomez and Dr. Villarreal

performed the exploratory laparotomy. Dr. Gomez determined that Montes had a perforation of the mid-sigmoid colon and had massive fecal peritoneal contamination. They removed the fecal material from the abdominal cavity, closed the perforation in the colon, and performed a colostomy. Dr. Villarreal closed the abdomen. On March 25, Montes was found to have a wound dehiscence with bowel protruding the fascia. She had additional surgery to repair the wound dehiscence and remained in the hospital until April 2. She had a colostomy closure on July 15, 2003.

On March 12, 2005, prior to the expiration of the two-year statute of limitations, Montes sent Dr. Villarreal a statutory notice letter and medical authorization pursuant to Sections 74.051 and 74.052 of the Texas Civil Practice and Remedies Code. This notice tolled the applicable statute of limitations for a period of seventy-five days. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(c) (Vernon 2005).[1] On May 25, 2005, Montes filed her original petition against Dr. Villarreal and Las Palmas Medical Center. The first amended petition, filed on September 22, 2005, dropped Las Palmas as a defendant. On September 27, citation was issued and Dr. Villarreal was served on October 4.

Dr. Villarreal filed a motion for summary judgment asserting two grounds: (1) although her petition was filed within the applicable statute of limitations, Montes failed to use due diligence in obtaining service of citation; and (2) the allegations raised in the first amended petition alleged new, distinct, or different transactions and did not relate back under Section 16.068.

In her summary judgment response, Montes explained for the four month and nine day delay in serving citation on Dr. Villarreal. She attached the affidavit of her attorney, James Kirby Read, in support of her response. Read offered two reasons why citation was not issued prior to September 27, 2005. First, he believed that under Section 74.052, all proceedings were abated for

---

[1] All statutory references are to the Texas Civil Practices and Remedies Code unless otherwise indicated.

sixty days after suit was filed. Second, he was awaiting the expert report from Dr. Bruce Halbridge, which he received shortly before he filed it on September 22, 2005. Counsel did not want to serve Dr. Villarreal and cause him to incur attorney's fees and costs until he had an expert report which satisfied the statutory requirements. Indeed, Read non-suited Las Palmas because the expert report did not express an opinion on deficiencies in the care of Montes by the hospital.

## DUE DILIGENCE IN SERVICE OF CITATION

On appeal, Montes challenges both grounds on which summary judgment could have been granted. In Issue One, Montes contends that she established a genuine issue of material fact as to whether she exercised diligence in having Dr. Villarreal served with process, thus precluding summary judgment on limitations grounds.

### Standard of Review

The standard of review for traditional summary judgment is well established. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The moving party carries the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005); *Duran v. Furr's Supermarkets, Inc.*, 921 S.W.2d 778, 784 (Tex.App.--El Paso 1996, writ denied). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *Duran*, 921 S.W.2d at 784. All reasonable inferences, including any doubts, must be resolved in favor of the non-movant. *Id.*; *Duran*, 921 S.W.2d at 784.

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Thus, the defendant must (1) conclusively prove

when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pled or otherwise raised, by proving as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *Id*. If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

### The Statute

A suit for personal injuries must be brought within two years from the time the cause of action accrues. TEX.CIV.PRAC.&REM.CODE ANN. § 16.003(a)(Vernon Supp. 2008). The statute of limitations is tolled for a period of seventy-five days when the plaintiff gives the notice[2] required by Section 74.051. TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(c). But a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *Eichel v. Ullah*, 831 S.W.2d 42, 43 (Tex.App.--El Paso 1992, no writ).

### Explanations for the Delay

Once a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shifts to the plaintiff to explain the delay. *Proulx*, 235 S.W.3d at 215. It is the plaintiff's burden to present evidence regarding the efforts that were made

---

[2] "Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052." TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(a).

to serve the defendant and to explain every lapse in effort or period of delay. *Id.* at 216. In some instances, the plaintiff's explanation may be legally improper to raise the diligence issue and the defendant will bear no burden at all. *Id.*, *citing Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex.App.--Houston [14th Dist.] 2001, no pet.)(holding enforceable oral agreement to delay service was insufficient to show diligence as a matter of law); *Broom v. MacMaster*, 992 S.W.2d 659, 665 (Tex.App.--Dallas 1999, no pet.)(holding plaintiff's desire to obtain remand from federal court did not justify delay in service defendant). In other situations, the plaintiff's explanation may demonstrate a lack of due diligence as a matter of law, as when one or more lapses between service efforts are unexplained or patently unreasonable. *Proulx*, 235 S.W.3d at 216, *citing Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) *and Tarrant County v. Vendigriff*, 71 S.W.3d 921, 925-26 (Tex.App.--Fort Worth 2002, pet. denied). But if the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient. *Proulx*, 235 S.W.3d at 216.

In assessing diligence, the relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time defendant was actually served. *Id.*; *Eichel*, 831 S.W.2d at 44. The duty to use due diligence continues from the date suit is filed until the defendant is served. *Eichel*, 831 S.W.2d at 44.

*Analysis*

As we have said, Read offered two reasons for the four month delay in serving Dr. Villarreal: (1) counsel believed that issuing service would violate the sixty-day abatement period in Section 74.052; and (2) counsel did not want to cause Dr. Villarreal to incur attorney's fees and costs or expose Montes to liability for those expenses until counsel had received an expert report which

satisfied statutory requirements.

Dr. Villarreal counters that Read's explanation based on the sixty-day abatement period is invalid. We must agree. Section 74.052(a) provides that notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by Section 74.052. The relevant portion of the statute provides:

> Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

TEX.CIV.PRAC.&REM.CODE ANN. § 74.052(a). By its plain language, the sixty-day abatement period occurs where the required medical authorization is **not** sent by the plaintiff with the statutory notice. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 74.051(a).[3] Montes sent the authorization with her notice to Dr. Villarreal and then waited more than sixty days before filing suit. Consequently, the sixty-day abatement period is inapplicable here. Counsel's statutory interpretation was incorrect and does not provide a reasonable explanation for failure to request issuance of citation.

We turn now to the second explanation. Read stated in his affidavit that he was waiting for the expert report from Dr. Halbridge. Read received the report in September of 2005 and filed it on September 22. Citation was issued on September 27 and Dr. Villarreal was served on October 4. As evidence that this explanation is legitimate, Read pointed to his non-suit of the claims against Las Palmas.

Citing *Broom v. MacMaster*, 992 S.W.2d 659 (Tex.App.--Dallas 1999, no pet.), Dr. Villarreal

---

[3] A different issue arises when a notice and medical authorization are sent by the plaintiff but the medical authorization is defective. In three opinions issued this same date, we held that providing the required statutory notice and a defective medical authorization form tolls the statute of limitation for seventy-five days under Section 74.051(a). *Rabatin v. Kidd*, No. 08-07-00137-CV (Tex.App.--El Paso Oct. 16, 2008, no pet. h.); *Rabatin v. Vasquez*, No. 08-07-00138-CV (Tex.App.--El Paso Oct. 16, 2008, no pet. h.); *Rabatin v. Chavez*, No. 08-07-000139-CV (Tex.App.--El Paso Oct. 16, 2008, no pet. h.).

argues that Read's explanation does not constitute an adequate excuse. In *Broom*, the defendant hospital was not served with process until four months after the limitations period expired. The hospital moved for summary judgment on limitations and the plaintiff responded with an affidavit from her attorney who stated that he "withheld" issuance of citation because "there was still a question in [his] mind" whether the hospital was an appropriate party to the suit. *Id.* at 665. The trial court granted summary judgment in favor of the defendant. The Dallas Court of Appeals rejected this explanation, stating:

> What Broom's attorney does not acknowledge is that he made the decision to make Presbyterian Hospital a party to the suit when he filed Broom's petition naming the hospital as a defendant. Having made that decision, it was incumbent upon Broom to diligently attempt to serve the hospital to prevent her claims from being barred by the statute of limitations.

*Id*. at 665. Broom's attorney offered another explanation for the delay. He "chose not to issue citation and have the Defendant Presbyterian served" because the case had been removed to federal court and he felt that the hospital's presence in the suit would complicate his attempts to have the case remanded to state court. *Id.* But the evidence showed that the case was not removed for three months after it was filed. Thus, Broom could have served the hospital at any point during the first three months the case was pending in state court irrespective of any reason for not serving the hospital while the case was pending in federal court. *Id.* The court observed that even if counsel's reasons for withholding service may be tactically understandable, they did not create a fact issue about whether diligence was used in effecting service. *Id.* And while a plaintiff may have good reasons for not wanting to seek immediate service on a defendant, those reasons do not negate the requirement that diligence be used in attempting service once the limitations period has passed. *Id.* If the limitations period has expired, a plaintiff must use due diligence to procure service regardless of reasons he may have not to want to do so. *Id.* "To hold otherwise would ignore the goal of

statutes of limitations to inform defendants in a timely fashion of claims against them and would eviscerate the long established due diligence requirement." *Id.*

This case cannot be distinguished from *Broom*. Counsel expressed both ethical and tactical concerns for choosing not to diligently pursue service of Dr. Villarreal. The Dallas Court of Appeals rejected similar concerns in *Broom*. Once suit was filed, Montes was obligated to diligently procure service despite counsel's desire to wait for the expert report. *See Broom*, 992 S.W.2d at 665 (rejecting explanation that attorney was not sure whether the defendant hospital was a proper party to the suit because once the attorney filed suit against the hospital, it was incumbent upon the plaintiff to diligently attempt to serve the hospital to prevent her claims from being barred by the statute of limitations). Montes' attorney also delayed requesting issuance of citation because he did not want his client to incur liability for attorney's fees and costs. This tactical decision does not negate the requirement that diligence be used in attempting service once the limitations period has passed. *See id.* We overrule Issue One. Given our disposition of Issue One, it is unnecessary to address Issue Two. The judgment of the trial court is affirmed.

October 23, 2008

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Ables, JJ.
Ables, J., sitting by assignment