

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00167-CV

**HOLCIM (US) INC. AND HOLCIM TEXAS LP,**

**Appellants**

**v.**

**ELLIS COUNTY APPRAISAL DISTRICT,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 89681

## MEMORANDUM OPINION

In one issue, appellants, Holcim (U.S.) Inc. and Holcim Texas L.P., challenge the granting of summary judgment in favor of appellee, Ellis County Appraisal District ("ECAD"), on limitations grounds. We affirm.

## I.    ANALYSIS

In their sole issue on appeal, appellants argue that the trial court erred by granting summary judgment in favor of ECAD. Specifically, appellants contend that: (1) the trial

court erred by finding that they were not diligent in effectuating service on ECAD; (2) the trial court erred in finding that ECAD's summary-judgment motion defeated appellants' tolling provision; and (3) quasi-estoppel bars ECAD's limitations defense. We disagree on all fronts.

## A. Applicable Law

We analyze the granting of a traditional motion for summary judgment under well-known standards. *See generally* TEX. R. CIV. P. 166a; *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Here, ECAD moved for summary judgment on the ground of limitations. Ordinarily, ECAD has the burden to conclusively prove all elements of its affirmative defense as a matter of law. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

A statute of limitations is designed to encourage a plaintiff to bring suit within a limited period of time and notify the defendant of the existence of the claim so that the defendant can prepare its defense and preserve evidence in a timely manner. *See Broom v. MacMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.). To "bring suit" within the applicable statute of limitations, the plaintiff must both file suit within the appropriate time period and use due diligence to serve the defendant with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). If a party files its petition within the limitations period, service outside the limitations period may be valid if the plaintiff exercises due

diligence in procuring service on the defendant. *Id.* (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)).

"When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence." *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (citing *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)); *cf. Proulx*, 235 S.W.3d at 216 ("[O]nce a defendant has affirmatively pled the limitations defense and shown that service was effected after limitations expired, the burden shirts to the plaintiff 'to explain the delay.'" (quoting *Murray*, 800 S.W.2d at 830)). "Diligence is determined by asking 'whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served.'" *Id.* (quoting *Proulx*, 235 S.W.3d at 216). "Although a fact question, a plaintiff's explanation may demonstrate a lack of diligence as a matter of law, 'when one or more lapses between service efforts are unexplained or patently unreasonable.'" *Id.* (quoting *Proulx*, 235 S.W.3d at 216). Thus, appellants have the burden to "present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay." *Proulx*, 235 S.W.3d at 216.

**B.     Discussion**

On June 25, 2014, appellants filed their original petition in this matter under chapter 42 of the Texas Tax Code, seeking a judicial determination of the lawful appraised value of a cement plant located in Ellis County, Texas, for ad valorem taxes for the 2014 tax year.  Under section 42.21 of the Texas Tax Code, this filing constituted a petition for review of the appraisal review board's ("ARB") final order entered on June 17, 2014.  *See* TEX. TAX CODE ANN. § 42.21(a) (providing that a party must file a petition for review of an ARB order with the district court within sixty days after the party receives notice that the ARB has entered a final order).  However, the record reflects that, although a petition for review was timely filed, ECAD was not served with a citation until March 13, 2015, almost nine months after the lawsuit was filed in district court and almost seven months after the limitations period expired.  *See id.* § 42.21(d) (noting that an appraisal district is served by service on the chief appraiser at any time or by service on any other officer or employee of the appraisal district present at the appraisal office at the time when the appraisal office is open for business with the public).  Because appellants did not serve ECAD within the sixty-day limitations period prescribed by section 42.21(a) of the Texas Tax Code, appellants had the burden to present evidence regarding efforts that were made to serve ECAD and to explain every lapse in effort or period of delay.  *See Ashley*, 293 S.W.3d at 179; *see also Proulx*, 235 S.W.3d at 216.

To explain the delay in service, appellants rely on an affidavit executed by Jana L. Fletcher, a legal assistant at the Myers Law Firm. Fletcher explained that ECAD was not served in a timely manner because of issues associated with the implementation of e-filing in Ellis County, and because the Ellis County District Clerk's Office did not inform her that an additional form and fee would be required for issuance and service of citation. However, Fletcher also admitted in her affidavit that it is possible that she "did not choose all the options [she] needed" and that she did not complete a separate form for issuance of citation, even though some counties require it. Fletcher also acknowledged that she did not verify whether citation was issued and served on ECAD until January 28, 2015, more than seven months after appellants filed their chapter 42 petition for review.

Furthermore, Fletcher made no mention that service was not achieved on the basis of a purported standstill agreement between the parties. Nevertheless, Fletcher alleged that she filled out the appropriate form and paid the required fees for issuance and service of citation and returned the items to the Ellis County District Clerk's Office on February 3, 2015. She further alleged that she waited twenty days to follow up with the Ellis County District Clerk's Office and instruct them to serve ECAD. Service was finally completed on March 13, 2015.

In a separate affidavit, appellants' counsel, John J. Shaw, noted that:

Neither I, nor any other attorney at Myers Law, did not pursue any discovery or other actions in the 2014 appeal following its filing until late January 2015. In late January 2015, following another two-month lull in activity after a November 4, 2014 status conference in the 2012 appeal,

counsel for the Parties engaged in additional discussions regarding a scheduling order and additional Ste. Gen issues in the 2012 case.[1] During these discussions, counsel for ECAD inquired about the 2014 appeal and whether it had been filed because ECAD had not been served. I assured opposing counsel that the 2014 appeal (the instant appeal) was timely filed and immediately inquired about the status of service.

Service was finally complete on March 13, 2015. ECAD filed its *Defendant's Original Answer* with requests for disclosure the same day. ECAD's original answer, which is also ECAD's live pleading, contains only a general denial. The Parties continued to act in conformity with the standstill agreement, exchanging only responses to requests for disclosure in response to the requests that were made part of the Parties' pleadings.

(Emphasis in original).

In his affidavit, Shaw does not establish due diligence for the period between the June 25, 2014 filing of the chapter 42 petition for review and when service was effectuated on March 13, 2015. Instead, he appears to rely on a standstill agreement between the parties to establish due diligence in serving ECAD. This is not enough. *See Auten v. DJ Clark, Inc.*, 209 S.W.3d 695, 706 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("A miscalculated attempt to effect service due to inadvertence or miscommunication may raise a fact issue on due diligence while inactivity or complete failure to attempt service due to a miscommunication negates due diligence as a matter of law." (citation omitted)).

---

[1] Appellants and ECAD have been involved in litigation for several years over the valuation of appellant's cement plant in Midlothian, Texas, as well as an ancillary mandamus litigation over appellant's cement plant in St. Genevieve, Missouri. Shaw contends that the parties agreed that proceeding with litigating subsequent tax years before resolving the issue involving the St. Genevieve plant would not be in the parties' best interest, and thus, the parties allegedly "acquiesced in staying or agreeing to a standstill in the 2012 case and subsequent years pending resolution of the Ste. Gen dispute."

If such an agreement exists, appellants do not provide documentation of the contents of the agreement, nor do they direct us to authority holding that such an agreement overcomes appellants' duty to exercise due diligence in serving ECAD with appellant's June 25, 2014 chapter 42 petition for review. Moreover, the purported standstill agreement does not appear in the record and, thus, fails to serve as an enforceable Rule 11 agreement in this proceeding. *See Proulx*, 235 S.W.3d at 216 ("In some instances, the plaintiff's explanation may be *legally* improper to raise the diligence issue and the defendant will bear no burden at all." (emphasis in original) (citing *Brown v. Shores*, 77 S.W.3d 884, 890 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (Brister C.J., concurring); *Belleza-Gonzalez v. Villa*, 57 S.W.3d 8, 11 (Tex. App.—Houston [14th Dist.] 2001, no pet. (holding that an unenforceable oral agreement to delay service was insufficient to show diligence as a matter of law); *Broom*, 992 S.W.2d at 665)).

Based on our review, we hold that, as a matter of law, appellants' responses do not create a fact issue as to diligence. Specifically, appellants' responses do not explain the gap in time between the filing of the petition for review on June 25, 2014, and when appellants followed-up on the service issue on January 28, 2015. *See Ashley*, 293 S.W.3d at 179; *Proulx*, 235 S.W.3d at 216; *see also Weaver v. E-Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) ("It is the responsibility of the party requesting service to ensure that service is properly accomplished. . . . It is the attorney's duty to ascertain the status and completion of citation." (internal citations omitted)). We also

cannot say that appellants' explanation for the gap in time between following-up on the service issue on January 28, 2015, and when service was finally completed on March 13, 2015, creates a fact issue as to diligence. Indeed, blaming the district clerk's office for the delay is insufficient to show diligence. *See Boyattia v. Hinojosa*, 18 S.W.3d 729, 734 (Tex. App.—Dallas 2000, pet. denied) ("But when a party learns, or by the exercise of reasonable diligence should have learned, that the clerk has failed to fulfill his duty under rule 99, it is incumbent upon the party to ensure that the job is done." (citing *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex. Civ. App.—Waco 1939, writ ref'd)).

We also find that the seven-month (from June 25, 2014, to January 28, 2015) and almost two month (from January 28, 2015, to March 13, 2015) time gaps in service efforts are patently unreasonable, especially given that there is no evidence that ECAD evaded service. *See id.* at 734 ("A party who wholly ignores her duty to have the citation served on the defendant during a lengthy period of time the citation remains with the clerk does not manifest a bona fide intention to have process served. We conclude Boyattia's failure to act during the clerk's three-month delay constitutes a lack of diligence as a matter of law." (citation omitted)); *Webster v. Thomas*, 5 S.W.3d 287, 290 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("After waiting two years to file suit, Webster did not obtain service until five months after she filed suit. Four months and ten days of this delay is attributable directly to Webster. Lack of diligence has been found as a matter of law after a five and four-fifths month delay. . . . [W]e are comfortable holding, as a matter of law,

that a four month and ten day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service."); *Eichel v. Ullah*, 831 S.W.2d 42, 45 (Tex. App.—El Paso 1992, no writ) (concluding that a two-month delay between filing suit and issuance of citation constituted a lack of due diligence).

In addition to the foregoing, we also reject appellants' reliance on the doctrines of equitable tolling and quasi-estoppel. The record does not demonstrate that defective pleadings were filed, the wrong defendant was sued, or that ECAD engaged in misconduct, thus invoking the doctrine of equitable tolling. *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.) (noting that equitable tolling applies "where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period, or where a complainant was induced or tricked by his adversary's misconduct into allowing filing deadlines to pass"); *see also Bilinsco Inc. v. Harris County Appraisal Dist.*, 321 S.W.3d 648, 654 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) ("Courts have also applied equitable tolling when the plaintiff sues the wrong defendant, does not name the proper defendant until after limitations expires, and a special relationship exists between the defendants, such that the added defendant was aware of the facts, not misled, and not disadvantaged in preparing a defense." (internal citations & quotations omitted)).

Moreover, the doctrine of quasi-estoppel does not apply in this case because ECAD's position in this case was not unconscionable given the dearth of evidence of any

"standstill" agreement between the parties and the statutory scheme prescribed in the Texas Tax Code, which requires property-tax disputes to be brought anew each year as appraisal districts establish property values as of January 1 and provides for protests, ARB hearings, and a statutory time-period to sue and serve the taxing authority. *See* TEX. TAX CODE ANN. §§ 41.01-.20, 41.41-.60, 42.01-.20; *see also Little v. Delta Steel, Inc.*, 409 S.W.3d 704, 711 (Tex. App.—Fort Worth 2013, no pet.) (citing *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000)) (stating that quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken and noting that the doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced or from which he accepted a benefit). Accordingly, we overrule appellants' sole issue on appeal.

## II.    CONCLUSION

We affirm the judgment of the trial court.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Neill,
        and Justice Johnson
Affirmed
Opinion delivered and filed April 21, 2021
[CV06]

