**Timothy A. AGUILAR, Relator,**

**v.**

**The Honorable Kathleen S. STONE, Judge of the 55th Judicial District Court, Harris County, Texas, and Charles Bacarisse, District Clerk of Harris County, Texas, Respondents.**

No. 01–95–00520–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 1995.

Rehearing Overruled July 6, 1995.

Timothy A. Aguilar, Tennessee Colony, pro se.

Kathleen S. Stone, Houston, for respondents.

Before OLIVER–PARROTT, C.J., and O'CONNOR and TAFT, JJ.

OPINION

PER CURIAM.

On this day the Court considered relator's motion for leave to file a petition for writ of mandamus. In his petition, relator asks this Court to direct respondents to issue citation in cause number 94–059569, styled *Timothy A. Aguilar v. Briar Forest Place Apartments.* Under Tex.R.Civ.P. 145, a pro se plaintiff who files an affidavit of indigency is entitled to the issuance of citation.

■■■ The records of the Harris County District Clerk indicate that citation was issued in the above referenced suit, that service was attempted in early January 1995, but was returned to the clerk's office unserved. Citation is issued when it "is sent forth from the clerk's office under his sanction and authority and given to an officer, or to some one else to give to an officer, for the purpose of being served." *London v. Chandler,* 406 S.W.2d 203, 204 (Tex.1966). When the district clerk delivered the citation to the process server, his duty was fulfilled. It is relator's responsibility to see that the process server is able to accomplish service of process. *See Primate Const., Inc. v. Silver,* 884 S.W.2d 151, 153 (Tex.1994) (it is the responsibility of one requesting service of process to see that service is properly accomplished). Had relator requested the district clerk to serve citation by registered or certified mail pursuant to Tex.R.Civ.P. 103 & 106(a)(2) and the clerk had refused to do so, mandamus would be an appropriate remedy.

We **OVERRULE** relator's motion for leave to file a petition for writ of mandamus.