Dominguez v. Bramhall 

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00090-CV

Jaime Dominguez, Appellant

v.

Sue Bramhall, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-95-1463-C, HONORABLE CURT F. STEIB, JUDGE PRESIDING

PER CURIAM

 Appellant Jaime Dominguez appeals the trial court's dismissal of his lawsuit against appellee
Sue Bramhall, the district clerk of Tom Green County. Dominguez, a state inmate, sued Bramhall for
negligently serving the petition in Dominguez' legal malpractice suit against his appointed criminal defense
attorney. The trial court found that Dominguez' suit was frivolous and malicious and dismissed it under the
authority of section 14.003 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003 (West Supp. 1996). We will affirm the judgment of the trial court.

 In his sole point of error, Dominguez asserts generally that the trial court erred in dismissing
his cause without affording him a trial on the merits. The court set out in its judgment specific findings of
fact. Within these findings, the court states that, after examining Dominguez' allegations, it finds that the suit
against Dominguez' criminal defense attorney was dismissed as frivolous, that Bramhall's performance was
not substandard, that Dominguez suffered no damage from any matter alleged in this suit, and that
Dominguez' suit lacks any arguable basis in law or fact.

 Dominguez directs his argument at the trial court's judgment generally without attacking any
of the court's specific findings. The findings are consequently binding on this Court. Des Champ v.
Featherston, 886 S.W.2d 536, 541 (Tex. App.--Austin 1995, no writ); Bransom v. Standard
Hardware, Inc., 874 S.W.2d 919, 927 (Tex. App.--Fort Worth 1994, writ denied) (general assertion
that evidence is insufficient to support damages without attacking specific finding presents no error). The
court's findings are sufficient to support its judgment of dismissal. (1) We therefore overrule Dominguez' point
of error.

 We affirm the judgment of the trial court.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: October 2, 1996

Do Not Publish
1.   We note that the district clerk completes her duty regarding citation by issuing it, that is, by
delivering the citation to the process server. It is the plaintiff's responsibility to see that the
citation is served. Aguilar v. Stone, 901 S.W.2d 955, 955 (Tex. App.--Houston [1st Dist.] 1995, orig.
proceeding). Even if Dominguez' argument could be construed as attacking the findings that Bramhall
performed her duty and that Dominguez was not damaged, Dominguez' failure to challenge the finding that
his legal malpractice suit was dismissed as frivolous would preclude our sustaining his point. Des Champ,
886 S.W.2d at 541.