NO









NO. 12-08-00407-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

WILLIAM ESPINOZA PENA,                         '     APPEAL
FROM THE 369TH

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

DAVID W. MCDOWELL, LENNIS
R. NICHOLS,

ELWIN E. HOGAN, STACY
JOHNSON,

TRACIE L. SHIREY AND                 
             '      ANDERSON
COUNTY, TEXAS

RAYMOND E. THOMPSON, APPELLEES





                                                      MEMORANDUM
OPINION

            William
Espinoza Pena, while an inmate in the Texas Department of Criminal Justice (ATDCJ@), proceeding pro se, filed an in
forma pauperis suit against David W. McDowell, Lennis R. Nichols, Elwin E.
Hogan, Stacy Johnson, Tracie L. Shirey, and Raymond E. Thompson (collectively
“Appellees”).  In three issues, Pena contends that the trial court improperly
dismissed his suit with prejudice pursuant to Texas Civil Practice and Remedies
Code, chapter 14.  We affirm.

 

Background

On
November 18, 2004, Pena, while incarcerated, filed an in forma pauperis civil
suit against Appellees.  By his suit, Pena sought damages from Appellees for
violations of his civil rights.  Specifically, Pena alleged that, on or about
August 26, 2002, he was injured as a result of his being forced to move heavy
boxes containing his personal property during an unwarranted cell transfer.[1] 
Johnson did not answer or otherwise make an appearance.  According to Pena,
such coerced labor arose from a conspiracy by Appellees to retaliate against
him for his prolific practice as a “writ-writer/jailhouse-lawyer.”  The trial
court dismissed Pena’s suit pursuant to Texas Civil Practice and Remedies Code,
chapter 14, and Pena appealed.  By opinion delivered March 30, 2007, we
affirmed the trial court’s dismissal in part, reversed the trial court’s
dismissal in part, and remanded the case to the trial court for further
proceedings.[2] 


On
June 7, 2007, Pena filed a motion for a “Spears” [3]
hearing.  On October 19, 2007, Pena was released from prison on parole. 
Thereafter, Pena was hospitalized from October 22, 2007 until April 18, 2008. 
On April 30, 2008, Pena filed a motion for setting.

            On
July 31, 2008, the trial court conducted a status hearing.  At the hearing, the
trial court questioned Pena concerning what efforts he had made in the past
year to determine why citation had not been issued.  Pena responded that he had
been hospitalized for the past year and a half, but had “kept abreast with the
courts” and “[let the court] know [his] change of address and why [he] was out
of circulation.”  At the conclusion of the hearing, the trial court ordered
that citation issue.  

            Citation
was returned dated August 1, 2008 for each appellee except Johnson, who,
according to the return, was no longer a TDCJ employee.  Subsequently,
Appellees[4]
answered and moved to dismiss pursuant to Chapter 14.  Specifically, Appellees
argued that Pena had not exercised diligence in serving them with process. 
Pena filed a response, but failed to specifically address Appellees’ argument
that he had not exercised diligence in serving them other than to aver that
Appellees’ argument was “without grounds as a matter of fact.”  On September
25, 2008, the trial court dismissed Pena’s suit with prejudice as “frivolous”
pursuant to chapter 14.  This appeal followed.

 

Service of Process, Limitations, and Exercise
of Diligence

In
his first, second, and third issues, Pena argues that the trial court erred in dismissing
his lawsuit.[5] 
We review the trial court=s
dismissal of an in forma pauperis suit under an abuse of discretion
standard.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.BWaco 1996, no writ).  A
trial court abuses its discretion if it acts arbitrarily, capriciously, and
without reference to any guiding rules or principles.  Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.BHouston
[1st Dist.] 1998, no pet.).  The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal
of unmeritorious claims accrues to the benefit of state officials, courts, and
meritorious claimants.  See Montana v. Patterson, 894
S.W.2d 812, 814B15
(Tex. App.BTyler 1994,
no writ).  We will affirm a dismissal if it was proper under any legal theory.  See
Johnson v. Lynaugh, 796 S.W.2d 705, 706B07 (Tex. 1990); Birdo v. Ament,
814 S.W.2d 808, 810 (Tex. App.BWaco
1991, writ denied).

“Service
of citation” is a term that describes the formal process by which a plaintiff
gives a defendant notice that it has been sued.  See Texas Nat.
Res. Conserv. Comm’n v. Sierra Club, 70 S.W.3d 709, 813 (Tex. 2002).  The purpose of the citation is to give the trial court jurisdiction over the
defendant, to satisfy due process requirements, and to give the defendant the
opportunity to appear and defend.  See Cockrell v. Estevez, 737
S.W.2d 138, 140 (Tex. App.–San Antonio 1987, no writ).

When
a suit is timely filed, as in the case at hand, but the defendant is not served
until after the limitations period expires, the date of service relates back to
the date of filing if the plaintiff exercised diligence in effecting service.  Weaver
v. E-Z Mart Stores, Inc., 942 S.W.2d 167, 169 (Tex. App.–Texarkana
1997, no pet.).  A plea of limitation is an affirmative defense.  Woods
v. William M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988).  Whether a
plaintiff’s claim is barred by limitations depends on whether the plaintiff
interrupted the running of limitations.  See Murray
v. San Jacinto Agency, 800 S.W.2d 826, 829–30 (Tex. 1990).  Generally,
the mere filing of a suit does not interrupt the running of limitations unless
due diligence is exercised in the issuance and service of citation.  Id. at 830.

It
is the responsibility of the party requesting service to ensure that service is
properly accomplished.  Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994); Aguilar v. Stone, 901 S.W.2d 955,
955 (Tex. App.–Houston [1st Dist.] 1995, no writ).  It is the attorney’s duty
to ascertain the status and completion of citation.  See Weaver,
942 S.W.2d at 169.  Here, because Pena had no attorney, it was his duty.  Id .

Pena
was a pro se litigant during the time period that service of citation was
delayed.  A party proceeding pro se must comply with all applicable procedural
rules.  Id.; see also Mansfield State Bank v. Cohn,
573 S.W.2d 181, 185 (Tex.1978); Clark v. Yarbrough, 900 S.W.2d
406, 409 (Tex. App.–Texarkana 1995, writ denied).  A pro se litigant is held to
the same standard that applies to a licensed attorney.  Weaver,
942 S.W.2d at 169; Brown v. Tex. Employment Comm’n, 801 S.W.2d 5,
8 (Tex. App.–Houston [14th Dist.] 1990, writ denied).  No allowance is to be
made for the fact that a plaintiff is not a lawyer.  Weaver, 942
S.W.2d at 169; Bailey v. Rogers, 631 S.W.2d 784, 786 (Tex. App.–Austin
1982, no writ).

In
the case at hand, a period of approximately fifteen months elapsed from the
date of our mandate pertaining to the remand of Pena’s lawsuit to the trial
court until the date Appellees were served with process.  The record further
reflects that, during that time period, Pena was hospitalized.  However,
despite his hospitalization, Pena sought to obtain discovery from the office of
the Attorney General and notified the court of changes of address.  Yet, there
is no indication from the record that Pena made any effort to have Appellees
served with process.  There is further no indication in the record that, during
the three months following his release from the hospital, Pena made any effort
to investigate why service had not been accomplished.   

Based
on our review of the record, we conclude that Pena cannot demonstrate that he
exercised diligence in having Appellees served with process.  Other courts have
held that periods of inactivity far shorter than that in the case before us constituted
a lack of diligence as a matter of law.  See, e.g., Meza v. Hooker
Contracting Co., 104 S.W.3d 111, 114 (Tex. App.–San Antonio 2003, no
pet.) (eight months); Webster v. Thomas, 5 S.W.3d 287, 290 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (four months); Weaver, 942
S.W.2d at 169–70 (nine months); Hansler v. Mainka, 807 S.W.2d 3,
5 (Tex. App.–Corpus Christi 1991, no writ) (five months).  As such, it follows
that Pena’s filing of suit did not interrupt the period of limitations.[6] 
See Murray, 800 S.W.2d at 830.  Therefore, we hold that the trial
court did not abuse its discretion in dismissing Pena’s suit with prejudice.[7] 
Pena’s first, second, and third issues are overruled.

 

Disposition

            Having
overruled Pena’s first, second, and third issues, we affirm the
trial court’s judgment.

 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered October 30, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 

 

 









[1]
Pena previously filed a lawsuit based on this same occurrence within the two
year statute of limitations.  The trial court dismissed the suit with prejudice
pursuant to chapter 14.  We reformed the trial court’s judgment to reflect a
dismissal “without prejudice” and, as reformed, affirmed the judgment.  See Pena
v. McDowell, No. 12-03-00141-CV, 2004 WL 2423546, at *4 (Tex.
App.-Tyler Oct. 29, 2004, no pet.) (mem. op).

 





[2] See Pena v. McDowell, 12-05-00116-CV, 2007 WL 949614, at *10 (Tex. App.–Tyler  Mar. 30, 2007, no pet.) (mem. op.).  The mandate pertaining to our
March 30 order issued on May 29, 2007.

 





                [3]
See Spears v. McCotter, 766 F.2d 179, 181-82 (5th
Cir.1985) (establishing courtroom hearing as substitute for motion for more
definite statement in pro se cases), overruled on other grounds, Neitzke
v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831, 104 L. Ed. 2d
338 (1989).





 

                [4]
Johnson did not answer or otherwise make an appearance.

 





                [5]
We have construed Pena’s issues liberally in the interest of justice.  See,
e.g., Newman v. Castro, No. 12-04-00051-CV, 2005 WL 1243418, at *1
n.1 (Tex. App.–Tyler May 25, 2005, pet dism’d w.o.j.).





                [6]
See Tex. Civ. Prac. & Rem.
Code Ann. § 16.003(a) (Vernon Supp. 2009) (two year limitations period
for personal injury suits); see also Ali v. Higgs¸892 F.2d 438,
439 (5th Cir. 1990) (federal courts borrow forum state’s general personal
injury limitations period for section 1983 civil rights action).     





 

                [7]
Because the limitations period has expired, Pena cannot remedy the error. 
Therefore, the dismissal with prejudice is appropriate.  See Garrett v.
Williams, 250 S.W.3d 154, 160 (Tex. App–Fort Worth 2008, no pet.).