WRIT NUMBER___

IN THE COURT OF APPEALS

FOR THE

FIRST DISTCICT

AT HOUSTON, TEXAS

IN RE ZAHIR QUERISHI, RELATOR

V.

CHRIS DANIEL-RESPONDENT

HARRIS COUNTY DISTRICT CLERK

(

ORIGINAL PROCEEDING

PETITION FOR WRIT OF MANDAMUS

MR.ZAHIR QUERISHI

INMATE # 801000

RAMSEY UNIT

1100 FM 655

ROSHARON, TEXAS

77583

PRO SE

14-15-146-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

FEB 18 2015

CHRISTOPHER A. PRINE
CLERK

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES            (ii)

INDEX OF AUTHORITIES            (ii)

STATEMENT OF THE CASE            (1)

STATEMENT OF JURISDICTION            (1)

STATEMENT OF THE FACTS            (1)

ARGUMENT            (2)

PRAYER            (4)

UNSWORN DECLARATION            (4)

APPENDIX

    EXHIBIT "A"

    EXHIBIT "B"

# INDEX OF AUTHORITIES

STATE CASES:

AGUILAR V. STONE 901 S.W.2d955(Tex.App.-Houston 1st Dist. 1995)    (1)(3)

Boyattia V. Hinojosa 18 S.W.3d 729(Tex.App.-Dallas 2000)    (2)

Broom V. McMasters 992 S.W.2d 659(Tex.App.-Dallas 1999)    (3)

In Re Chavez 62 S.W.3d 225(Tex.App.-Amarillo 2001)    (2)

TAC Americas Inc.,V.Boothe 94 S.W.3d 315(Tex.App.-Austin 2002)    (2)


CODES:

V.T.C.A., GOVERNMENT CODE §22.221(a)    (1)

V.T.C.A., FAMILY CODE §56.01(o)    (1)

RULES:

TEX.R.APP.P. 52    (1)

TEX.R.CIV.P. 99    (1)(2)(3)

TEX.R.CIV.P.106(a)(2)    (2)(3)


TEXAS CONSTITUTION:

ART.1§12    (3)

ART.5§8    (1)

## IDENTIFICATION OF PARTIES

RELATOR: ZAHIR OUERISHI
INMATE#801000
RAMSEY UNIT
1100 FM 655
ROSHARON, TEXAS
77583

RESPONDENT: CHRIS DANIEE
HARRIS COUNTY DISTRICT
CLERK
P.O.BOX 4651
HOUSTON , TEXAS
77210-4651

IN RE ZAHIR QUERISHI, RELATOR      §     IN THE COURT OF APPEALS

V.      §     FIRST DISTRICT

CHRIS DANIEL - HARRIS COUNTY DISTRICT     §     HOUSTON, TEXAS

CLERK      §

## WRIT OF MANDAMUS

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now relator Zahir Querishi, acting pro se, in the above styled cause and files this petition for writ of mandamus with attached exhibits pursuant to Tex.R.APP.P. 52 and V.T.C.A., Government Code §22.221(a), and presents the following in support thereof:

## STATEMENT OF THE CASE

On January 05, 2015, relator properly filed a petition for writ of habeas corpus pursuant to Article 5§8 of the Texas Constitution and V.T.C.A., Family Code §56.01(o) with attached motions with the respondent. The petition was filed in the 315th District Court under the cause number 86707 styled "IN THE MATTER OF ZAHIR QUERISHI V. THE STATE OF TEXAS."

## STATEMENT OF JURISDICTION

Jurisdiction is based in the First Court of Appeals in Houston, Texas. See Aguilar V. Stone 901 S.W.2d 955(Tex.App.-Houston[1st Dist.] 1995).

## STATEMENT OF THE FACTS

Accompanying the properly filed petition for writ of habeas corpus was a formal request for issuance of citation. See exhibit "A". Due to the rules of the habeas proceeding being governed by the Tex.R.Civ.P. the relator made a formal request for issuance of citation pursuant to Tex.R.Civ.P. 99 and

106(a)(2). See Exhibit "A." On January 14, 2015, relator mailed the respon-dent another letter inquiring about the issuance of citation. See Exhibit "B." To the day of this writing the respondent has failed to fulfill his duty and issue the reauested citation upon the respondent cited in the habeas petition.

## ARGUMENT

1. The respondent has refused to issue the reauested citation.

> " ...Had a legal duty to perform a nondiscretionaryaact, (2) was asked
> to perform the act, (3) and failed or refused to do so." In Re Chavez
> 62 S.W.3d 225,228(Tex.App.-Amarillo 2001).

## I

Pursuant to Tex.R.Civ.P. 99(a): "Upon filina of the petiton, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requestino party. The partysrequesting citation shall be responsible for obtaining service of the citation and a copy of the pet-ition.

It is well settled that, " generally, purpose of citation is to give court jurisdiction over parties and to provide notice to defendant that it has been sued by particular party, assertina a particular claim, in order to satisfy due process and allow defendant oppertunity to appear and defend action." TAC Americas, Inc. V.Boothe 94 S.W.3d 315,318(Tex.App.-Austin 2002).

"Under rule 99 of the Texas Rules of Civil Procedure, it is the duty of the clerk both to issue citation and deliver them as directed by the party rewouesting cisstance. See Tex.R.Civ.P.99(a). The clerk does not com-plete his duty under the rule until he delivers the citation as directed." Royattia V. Hinojosa 18 S.W3d 729,733-34(Tex.App.-Dallas 2000).

The respondent has a legal duty to perform a nondiscretionary act pursuant to Tex.R.Civ.P. 99(a) which the relator requested of him and he failed to perform.

Relator has satisfied prong one.

## II

"...the courts look to whether the plaintiff had, at the time suit was filed, a "bona fide intention" to have process issued and served." Broom v. McMaster 992 S.W.2d 659,664(Tex.App.-Dallas 1999). In exhibits "A" and "B" attached to this petition illustrate relator's demand for the performance of the issuance of citation pursuant to Tex.R.Civ.P. 99 and 106(a)(2).

Relator has satisfied prong two.

## III

Relatorr has exercised diligence in this matter to have citation issued. The relator has clearly presented constitutional claims in his habeas petition that warrant the respondent in his habeas petition to be called to answer. It should be remembered that the relator has a constitutional right to a writ of habeas corpus. See Art.1§12 of the Texas Constitution. The district clerk has refused to perform his legal and nondiscretionary act.

In Aguilar V. Stone 901 S.W.2d 955(Tex.App.-Houston[1st Dist]1995) this court held that, "Had relator requested the district clerk to serve citation by registered or certified mail pursuant to Tex.R.Civ.P.103 & 106(a)(2) and the clerk has refused to doso, mandamus would be an appropriate remdey." The relator has requested citation pursuant to Tex.R.Civ.P. 106(a)(2) and therefore mandamus is the appropriate remedy in this matter.

Relator has satisfied prong three.

(3)

## PRAYER

Relator prays that this Honorable Court issue a mandamus to compel the respondent to issue the citation as he had requested.

### UNSWORN DECLARATION

Pursuant to V.T.C.A., CIVIL Practices & Remedies Code §132.001-§132.003, "I, Zahir Querishi #801000, being presently incarcerated in the Texas Department of Criminal Justice -- Institutional Division, Ramsey Unit in Brazoria County, Texas , declare under the penalty of perjury that the foregoing is true and correct." Executed on FEBRUARY 9, 2015 .

Mr. Zahir Querishi
Inmate #801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

(4)

# APPENDIX

EXHIBIT "A"

Mr.Zahir Querishi
#801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

December 17, 2014

Mr.Chris Daniels
Harris County District Clerk
P.O.Box 4651
Houston, Texas
77210-4651

RE: CAUSE NO: 86707

FILED
Chris Daniel
District Clerk
JAN -5 2015
Time:_____ Harris County, Texas
By_____ Deputy

Dearest Clerk,

      Peace and blessings to you. Enclosed please find four (4) copies of writ of habeas corpus with attached motions. All these documents are to be filed in the 315th District Court of Harris County for ruling as soon as the business of the court permits. Since the Family Code has no provision for habeas writs the rules default to the Tex.R.Civ.P.For this reason it is imperative that citation must be issued upon the Harris County District Attorney.

      Also in this envelope is a self-addressed stamped envelope that has a copy of every document that has to be filed. Please place a filed mark upon the face of the habeas application, each motion, citation request, and a copy of the letter.

      Should there be any questions or concerns please do not hesitate to contact me at the address above.

                    Sincerely,

                  -Mr. Zahir Querishi

CAUSE NO: 86707

| | | |
|---|---|---|
| IN THE MATTER OF ZAHIR QUERISHI, | § | IN THE 315TH DISTRICT COURT |
| PETITIONER | § | OF HARRIS COUNTY, TEXAS |
| V. | § | |
| THE STATE OF TEXAS | § | |

## REQUEST FOR ISSUANCE OF CITATION

Pursuant to Tex.R.Civ.P. 99 I am hereby formally requesting that this clerk issue a citatiion upon the respondent who is the District Attorney of Harris County, Texas, at 120$ Franklin, Houston, Texas, 77002.

Please issue the citation pursuant to Tex.R.Civ.P. 106(a)(2) or in a manner similar to the procedure announced in Article 11.07 of the Code of Criminal Procedure. In essence, the District Attorney must be served with a copy of the writ and attached motions along with the citation.

Sincerely,

Mr.Zahir Querishi
#801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

FILED
Chris Daniel
District Clerk
JAN - 5 2015
Harris County, Texas
Time:_____
By_____
Deputy

CAUSE NO: 86707

| | | |
|---|---|---|
| IN THE MATTER OF ZAHIR QUERISHI, | § | IN THE 315TH DISTRICT COURT |
| PETITIONER | § | OF HARRIS COUNTY, TEXAS |
| V. | § | |
| THE STATE OF TEXAS, RESPONDENT | § | |



## WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now petitioner Zahir Querishi, acting pro se, in the above styled and numbered cause and files this APPLICATION FOR WRIT OF HABEAS CORPUS pursuant to Article 5§8 of the Texas Constitution and V.T.C.A., Family Code 56.01(o) with attached MOTION TO UNSEAL THE RECORD and a MOTION FOR A HEARING, and presents the following in support thereof:

## HISTORY OF THE CASE

On September 30, 1994, the 315th District Court of Harris County, Texas, found the petitioner to have engaged in delinquent conduct for the offences of capital murder and attempted capital murder. The court assessed a determiate sentence of forty years and transferred the petitioner to the custody of the Texas Youth Commission. On October 14, 1997, the trial court conducted a hearing pursuant to V.T.C.A., Family Code §54.11 to determine whether to transfer the petitioner to the custody of the Texas Department of Criminal Justice. The court determined that the petitioner be transferred.

STATEMENT OF JURISDICTION

Jurisdiction is based in the 315th District Court of Harris County, Texas, which found the petitioner to have engaged in delinquent conduct. See Ex Parte Valle 104 S.W.3d 888(Tex.Crim.App.2003).

CONSTITUTIONAL CLAIM

CLAIM ONE:  THE RESPONDENT VIOLATED THE PETITIONER'S GUARANTEE TO BE 'CON-
FRONTED WITH THE WITNESS AGAINST HIM' SECURED BY THE SIXTH
AMENDMENT TO THE UNITED STATES CONSTITUTION AND EXTENDED UPON
THE STATES THROUGH THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION.

SUPPORTING FACTS AND ARGUMENT

"The Confrontation Clause of the Sixth Amendment guarantees the
right of a criminal defendant "to be confronted with the witness
against him." That guarantee, extended against the States by the
Fourteenth Amendment, includes the right to cross-examine witnesses.
See Pointer V. Texas 85 S.Ct.1065,1068(1968). Where two defendants
are tried jointly, therefore, the pretrial confession of one of
them that implicates the other is not admissable against the other
unless the confessing defendant waives his Fifth Amendment right
so as to permit cross-examination." Cruz V New York 107 S.Ct.1714,
1717(1987).

Petitioner was jointly tried with codefendant S.Galloway. Codefendant
S.Galloway gave a pretrial confession that "expressly implicated" the pet-
itioner. The respondent placed S.Galloway's pretrial confession on an over-
head projector for the jury members to view. The pretrial confession was
unredacted and there were no limiting instructions given to the jury mem-

(2)

bers.

Codefendant S.Galloway never waived his Fifth Amendment as to permit cross-examination. The petitioner pled not guilty and maintained his innocence during the trial proceeding. Codefendant S.Galloway's pretrial confession "expressly implicated" the petitioner, was powerfully incriminating, and proved to be devastating to the petitioner's defense.

In Bruton V. United States 88 S.Ct.1620(1968), the Supreme Court held that the Sixth Amendment is violated "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side by side with the defendant, are deliberately spread before the juryin a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect..." at 1627-1628.

The actions of the respondent stand in direct conflict with Bruton and as a consequenceviolated the petitioner's right "to be confronted with the witness against him" secured by the Sixth Amendment to the United States Constitution.

### PRAYER

The petitioner prays that this court Order the records unsealed,(2) make a proper determination on the merit of the constitutional claim presented, (3) grant this application for writ of habeas corpus, (4) Order a hearing in this matter,and (5) grant the petitioner a new trial.

Respectfully submitted,

Mr.Zahir Querishi #801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

(3)

## DECLARATION

Pursuant to V.T.C.A., Civil Practices & Remedies Code §132.001-132.003, " I, Zahir Querishi #801000, being presently incarcerated in the Texas Department of Criminal Justice – Institutional Division, Ramsey Unit in Brazoria County, Texas, declare under the penalty of perjury that the foregoing is true and correct. Executed on December 16, 2014 .

Mr.Zahir Querishi
#801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

## CERTIFICATE OF SERVICE

Respondent was served with a true copy of the above and foregoing via regular U.S.Mail on December 16 , 2014, at Office of the District Attorney of Harris County at 1200 Franklin, Houston, Texas 77002.

Mr.Zahir Querishi
#801000
Ramsey Unit
1100 FM 655
Rosharon,Texas
77583

(4)

EXHIBIT "B"

Mr. Zahir Quereshi #801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

January 14, 2015

Mr. Chris Daniel
Harris County District Clerk
P.O. Box 4651
Houston, Texas
77210-4651

RE: In the matter of Zahir Quereshi V. State of Texas - Cause No: 86707 - Writ of Habeas Corpus 315th District Court

Dearest Clerk,

On December 16, 2014, I mailed out a package from TDCJ-ID Ramsey Unit containing (4) four applications for writ of habeas corpus to be filed in the 315th District Court and for citation to be issued upon the respondent. I had also enclosed a self-addressed stamped envelope for you to mail me a copy bearing a filed mark.

30 days have now passed without any response from your office or a response from the respondent indicating citation was not issued as requested.

In the event that you did not receive the aforementioned package please let me know. If there are any other reasons or concerns please advise.

This is a civil writ of Habeas Corpus that is governed by the Family Code, §56.01(o), and the Texas Rules of Civil Procedure.

I have enclosed a self-addressed stamped envelope for your response to my inquiry.

Thank you for your time and patience in this matter.

Sincerely,

M. Q.

IN RE ZAHIR QUERISHI,RELATOR         §    IN THE COURT OF APPEALS

V.                                   §    FIRST DISTRICT

CHRIS DANIEL-HARRIS COUNTY DISTRICT  §    HOUSTON, TEXAS

CLERK, RESPONDENT                    §

## MOTION FOR SUSPENSION OF RULES

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now relator Zahir Querishi, acting pro se, in the above styled cause and files this MOTION TO SUSPEND THE RULES pursuant to Tex.R.App.P. 2, and presents the following in support thereof:

### I

Relator requests that this Honorable Court suspend the copy rule pursuant to Tex.R.App.P. 9.3(a)(1)(A) and Tex.R.App.P. 9.5 in this original proceeding. Relator is currently confined in the Texas Department of Criminal Justice and lacks access to a copier machine to fulfill the requirements of the copy rule and, by extension, service of documents upon the respondent.

**WHEREFORE PREMESES CONSIDERED** THE relator prays that this Honorable Court grant this motion.

Respectfully submitted,

_Mr. Zahir Querishi_ 2-9-15
Mr.Zahir Querishi
Inmate #801000
Ramsey Unit
1100 FM 655
Rosharon, Texas
77583

Dearest Clerk,

Please filed this writ of ~~Mandamus and~~


RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
FEB 18 2015
CHRISTOPHER A. PRINE
CLERK COURT OF APPEALS

the accompanying motion for suspension of rules. Please file and bring it before the court as soon as possible for a ruling. If possible please send me written verification that you have received and filed these document with the writ number assigned.

Thank you for your time,

*Should there be any questions or concerns do not hesitate to contact me.